[No. 11042.   Department Two. — February 16, 1888.]

## CHIN KEM YOU, APPELLANT, *v.* AH JOAN, RE-SPONDENT.

AGENCY — LOAN BY AGENT — ACTION TO RECOVER. — An agent who loans the money of his principal in the name of the principal cannot himself sue to recover it back.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*D. L. Smoot,* and *Charles Creighton,* for Appellant.

*Frank M. Stone,* and *Sargent & Stone,* for Respondent.

BELCHER, C. C.—This is an appeal from a judgment of nonsuit.

The action was brought to recover the sum of five hundred dollars, with interest thereon at the rate of four per cent per month from the fifteenth day of June, 1883, till paid. The complaint alleges that the principal sum was loaned by plaintiff to defendant on the fifteenth day of December, 1882, and that it was then and there agreed between the parties that the money should bear interest at the rate of four per cent per month, payable monthly, and should be repaid three months after the date of the loan. The answer denies all the allegations of the complaint.

The material facts proved by plaintiff at the trial are as follows:—

The plaintiff was a Chinaman, and kept a pawnbroker's shop in the city of San Francisco.  The defendant was a Chinawoman, and lived in that city.  There was a Chinese society in the city, known as Hong Fook Tong.  It does not appear how the society was formed, or who were its members, but its business was to receive and loan out money.  The plaintiff acted as the agent of the society, or, as one of the witnesses said, "as trustee"; and "the money of the society was under his control and in his custody."

In reference to the loan, the plaintiff, after stating that defendant applied to him at his shop for a loan of five hundred dollars, and after stating the conversation that ensued about the security and the rate of interest, testified as follows : "She asked for the money on December 14, 1882, and I paid it to her on December 15, 1882.  I went in company with Chin Suey Tung, and carried the money to her.  I wrote out the contract, and when we went up I read it to her.  She also got Chin Suey Tung to read it to her.  She said : 'That is the contract.'  She signed the contract there by putting her finger in the ink and touching it to the paper.  That is the contract in the book.  That is the spot which she made with her finger near her name.  There is in this book a contract as to other money which she borrowed from me, signed by her in the same way.  After she signed the paper the money was paid to her in gold coin. . . . . The contract was written in my store,—it was signed at Ah Joan's house.  Ah Joan's name was written at her house. She brought out an ink-box and a pen,—a Chinese pen. The money belonged to the Hong Fook Tong."

Chin Suey Tung was a witness, and testified : "On December 15, 1882, Chin Kem You came to my store and said that Ah Joan had asked him for a loan of five hundred dollars.  The money was to come from the Hong Fook Tong.  I had an interest in it.  He said : 'Ah Joan wants five hundred dollars, and if you have time we will

give it to her.' . . . . I went with Kem You up to Ah Joan's house. I asked Joan: 'Do you want to borrow some of the Hong Fook Tong money?' She said, 'Yes.' . . . . When it [the contract] was written Chin Kem You paid Ah Joan five hundred dollars, in twenty-dollar gold-pieces. The writing is Chinese. The book and writing are the records of borrowed money. This particular writing is the account of money. Chin Kem You read it to Ah Joan. She said that it would do. As she said she could not write, she signed by dipping her finger in ink, and therewith making a spot mark near her name. That is the Chinese method of signing when the party cannot write. . . . . I had an interest in the society, and an interest in the five hundred dollars. The money belonged to the Hong Fook Tong society, and Chin Kum You attended to their accounts, and lent out their money for them."

The contract referred to by the witness when translated reads as follows:—

"Chinese Quong Suey, eighth year, eleventh month, seventh day. Ah Joan borrowed from Hong Fook Tong five hundred dollars. At the term of three months the money must be paid in full with the interest. For every hundred dollars, four dollars of interest must be paid each month."

Afterwards the plaintiff loaned to defendant one hundred dollars of his own money, and the memorandum of that loan is in the same book, and signed in the same way as the other, and is translated to read as follows:—

"Quong Suey, eighth year, twelfth month, twenty-fifth day. Ah Joan borrowed one hundred dollars from Chin Kem You. Each month four dollars interest."

Of this loan the plaintiff testified: "The five hundred dollars was not due when I loaned her the one hundred dollars. It is a heavier penalty for a person to sign with the finger and not repay the money. Under this

contract, signed in this way, I could have anything which Ah Joan possessed to satisfy the debt."

It was further proved· that the defendant stated in the presence of two of the witnesses that she owed the plaintiff $600, and that she subsequently repaid the $100 loan, with the interest thereon, and paid $120, being six months' interest on the $500 loan.

One of the grounds upon which the nonsuit was asked and granted was that the plaintiff was not the real party in interest, and so was not authorized to bring the suit in his own name; that the cause of action, if any existed, was in favor of the Hong Fook Tong society, and not the plaintiff.

It is argued for the appellant that he was authorized to bring the action in his own name, because he had a personal interest in the money loaned, and besides, was the trustee of an express trust.

After carefully examining the record, we are unable to find any evidence that the plaintiff had any personal interest in the money, or was a member of the "Hong Fook Tong" society. It is true, the witness Chin Suey Tung, speaking of the writing made at the time of the loan, said, "My name and that of the plaintiff appear in this writing." But how they appeared there he does not say. He seems to have translated the writing, and as translated it does not sustain his assertion. If he meant to say that he and the plaintiff were members of the society, he should have so stated in language which could be understood.

We are also unable to find any evidence that the plaintiff made the loan as the trustee of an express trust.

"A person with whom, or in whose name a contract is made for the benefit of another, is a trustee of an express trust," and may sue without joining with him the persons for whose benefit the action is prosecuted. (Sec. 369, Code Civ. Proc.)   The plaintiff had charge of the Hong Fook Tong society's money, and loaned it to

defendant, but he made the loan in the name of the society, and not in his own name. This is clearly shown by the writing which he drew up and required the defendant to sign, as an acknowledgment that she had received the money, and was to repay it at a fixed time with large interest. The plaintiff seems to us, in his dealings with the defendant, to have acted simply as the agent of the society. The code says: "An agent is one who represents another, called the principal, in dealings with third persons." (Sec. 2295, Civ. Code.) But an agent who had loaned out the money of his principal in the name of the principal cannot himself sue to recover it back. (*Swift* v. *Swift*, 46 Cal. 269.)

We do not consider the statements of defendant that she owed the money to the plaintiff material.

The judgment should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.