## FERGUSON v. McBEAN.

### No. 19,232; January 22, 1894.

#### 35 Pac. 559.

**Pleading—Allegation of Nonpayment.**—A complaint alleging that plaintiff demanded payment of a specified sum, that defendant refused payment, and that the sum is due and unpaid, sufficiently alleges nonpayment of the sum alleged to be due.

**Appeal.—Where the Evidence is Conflicting, the Verdict** should not be disturbed.

**Assignment of Contract to Purchase Land—Evidence.**—Plaintiff, having made a contract to purchase land from C., assigned it to defendant, who agreed to pay plaintiff a certain sum if he purchased the land from C. Held, in an action to recover such sum, that it was competent to show the circumstances attending the making of the contract of assignment, it being disputed whether C.'s sale of the land to defendant's stepson was under the contract between C. and plaintiff, and the relations between defendant and his stepson in regard to the entire transaction being a material issue raised by the pleadings.

**Assignment of Contract to Purchase Land—Evidence.**—It was proper to deny defendant's motion to strike out plaintiff's evidence as to conversations with a third person, not in the presence of defendant, and to retain such evidence till plaintiff's evidence was in, as other evidence might show that such third person was authorized to represent defendant.

**Assignment of Contract to Purchase Land.**—Evidence that a third person agreed to pay plaintiff a part of the sum sued for was properly excluded, since defendant could not be relieved from his written obligation by such person's agreement to pay it, unless plaintiff released him.

**Assignment of Contract to Purchase Land.**—Evidence that defendant's stepson told another person that he was representing defendant, and was ready to consummate the trade, was competent to show that the purchase was made under the contract assigned to defendant.

.        Assignment of Contract to Purchase Land.—It was Also Competent to corroborate defendant's statement, after the sale, that he had purchased the property.

Assignment of Contract to Purchase Land.—The Possession and production by defendant's stepson, at the time of the transaction, of the assignment of the contract by plaintiff to defendant, were competent to show that he was defendant's agent.

Assignment of Contract to Purchase Land.—The Admission of testimony that plaintiff said defendant was represented by his stepson at the sale was not cause for reversal, when plaintiff had already testified to the circumstances connected with the assignment of the contract, and that the stepson was a party to the assignment, though it was not so stated therein.

Assignment of Contract to Purchase Land.—Plaintiff Having Made the contract with C. personally, and having assigned it to defendant, evidence that plaintiff made the contract with C. at the request of one R. was properly excluded, as such fact would not alter defendant's liability.

APPEAL from Superior Court, San Diego County; E. S. Torrance, Judge.

Action by M. L. Ferguson against Alexander McBean on contract for the sale of lands.    There was judgment for plaintiff, and defendant appeals.    Affirmed.

Hendrick & Younkin and E. Crossman for appellant; Rowell & Rowell and Hunsaker, Britt & Goodrich for respondent.

HAYNES, C.—This action was originally brought against McBean and A. V. Bills.    The defendants demurred to the original complaint upon the ground that Bills was improperly joined as a defendant.    The demurrer was overruled, and, upon the trial, plaintiff had judgment.    Upon appeal by defendants it was held that the demurrer should have been sustained, and the judgment was reversed, with leave to the plaintiff to amend her complaint: See 91 Cal. 64, 14 L. R. A. 65, 27 Pac. 518.    Respondent thereupon dismissed the action as to Bills, and amended her complaint in the matters made necessary by the dismissal of the action as to Bills, but retained, in substance, all of the allegations contained in the original complaint connecting Bills with the transaction.    For a statement of facts of the case, see opinion of Mr. Chief

Justice Beatty upon the former appeal: 91 Cal. 66, 14 L. R. A. 65, 27 Pac. 518.

The only questions presented upon this appeal which were not disposed of by the former appeal arise upon a demurrer to the amended complaint, and upon certain specifications of insufficiency of the evidence to justify the findings of fact, and upon exceptions to the admission and exclusion of evidence. The demurrer to the amended complaint was properly overruled. The allegations that plaintiff demanded payment of a specific sum, that defendant refused to pay said sum, "and that the same is now due and unpaid," sufficiently allege the nonpayment of the sum alleged to be due from the defendant to the plaintiff. As to the sufficiency of the evidence to justify the findings of fact in the several particulars specified by appellant, it is sufficient to say that upon each of these findings the evidence was materially conflicting, and, under the numerous decisions of this court, cannot be disturbed.

The respondent, called as a witness in her own behalf, was asked by her counsel the following question: "State the circumstances attending the making of the contract between you and McBean, set out in the complaint, wherein you assigned to McBean your interest in the contract theretofore made by you with the Colton Land and Water Co." It was objected by appellant that the question was irrelevant and immaterial, and not in issue in the case; that the contract was in writing, was set out in the complaint, and its execution admitted by the answer; and that evidence was inadmissible under those circumstances to prove either its contents or the circumstances under which it was executed, or that any other persons were parties to the same; and that the contract is not ambiguous. The objection was properly overruled. There were other questions in issue beside the terms and execution of the contract signed by McBean, and as to which the circumstances attending the making of the contract of assignment to McBean were both relevant and material. One of these questions was whether the sale and conveyance of the property by the Colton Land and Water Company to Bills was under the contract between the Colton Land and Water Company and respondent. If the circumstances called for by the question tended to elucidate the matter above suggested, it was material and competent. So, too, the relation between McBean and Bills in

reference to the entire transaction, and each part of it, was a material matter put in issue by the pleadings, and, the issue being material, any competent evidence tending to sustain the issue on the part of the plaintiff was proper. The motion to strike out all the answer to the foregoing question, "except such portions as pertain to the identification of the contract," was also properly denied. It is not essential to the admissibility of evidence that it should prove the issue under which it is offered. It is only necessary that it should tend to prove the issue or some part of it. We think the answer clearly tended to sustain a material issue, and was therefore properly retained.

Respondent was asked certain questions in chief as to conversations with Bills not in the presence of McBean, to which objections were made. The court overruled these objections, saying that "any conversation with Bills does not bind McBean unless he is connected with it. It is only a question of the order of proof, and it may as well come in one time as another." Defendant afterward moved to strike out all the testimony of this witness relating to the conversations that she had with Bills, on the ground that no authority from McBean had been shown authorizing Bills to act as his agent in any manner, and that her testimony, so far as it relates to Bills, is wholly irrelevant and immaterial, which motion was denied, and defendant excepted. The motion to strike out was premature, and was properly denied. The court did not abuse its discretion in permitting the evidence to be given at that stage of the case. It involved only the power of the court to control the order of proof; and, even conceding that the testimony of this witness did not then tend to show that Bills was authorized to represent McBean, if it did not show that it was not so authorized, it was proper to retain it until all of plaintiff's evidence was in, as other evidence might, and as we think did, show that he was so authorized.

Upon cross-examination the plaintiff was asked: "Whose $1,000 was that that was paid for the first payment?" An objection on the part of the plaintiff was sustained, to which the defendant excepted. This point was settled upon the first appeal: See 91 Cal. 73, 14 L. R. A. 65, 27 Pac. 518. Besides, if the court erred in sustaining this objection, it was rendered

harmless by subsequent evidence that this $1,000 was furnished to her by Raynor.

Plaintiff was asked, upon cross-examination, the following question: "Did Raynor agree to pay you some portion of the $3,000, or the whole of it?" Plaintiff's objection was properly sustained. The defendant had entered into a written obligation to pay the money demanded, and could not be relieved from that obligation by Raynor's agreement to pay it, unless, in consideration of that agreement, the plaintiff released McBean; and this was not included in the question nor proposed to be shown.

The testimony of Mr. Mintzer that the property was sold to Bills under the contract made with plaintiff was both material and relevant. The conversation between Bills and Mintzer, testified to by the latter, in which Bills said he was there representing McBean, and was ready to consummate the trade, was competent and material for the purpose of showing that the purchase was made under the contract assigned to McBean by the plaintiff. The absence of McBean did not affect the testimony upon that point, at least. As to its bearing on the question of Bills' agency for McBean, it corroborated the statement of McBean, made to the witness after the sale, "that he had become the purchaser of the property; that he meant to put in larger pipes." So, too, the possession and production by Bills, at the time of the transaction, of the assignment of the contract by plaintiff to McBean, was a circumstance which tended to prove that he was the agent of McBean, and corroborated his statement that he represented McBean.

The subsequent conversation between Mintzer and McBean in regard to the sale of lots made by Mintzer after the contract with plaintiff, and before the conveyance to Bills, was also relevant and material. As urged by counsel, there was no issue in the case as to who was entitled to these lots, or the proceeds of them; but the fact that McBean raised a question in regard to them, and claimed the unpaid portion of the money for which they were sold, was very cogent and convincing evidence of three important facts in controversy, namely: (1) That the purchase, by whomsoever made, was made under this contract, as otherwise no possible claim could be made for lots sold after the date of the contract, and before the sale on July 13th; (2) that McBean was the real pur-

28

chaser at that sale; and, if so, (3) that Bills was in fact his agent in the transaction. His interest in these lots could only have been acquired under the contract and by the sale made by the Colton Land and Water Company ostensibly to Bills. It does not affect the force of this evidence that Raynor had an interest in the purchase, and that Bills also represented him, for, so far as the Colton Land and Water Company and the plaintiff were concerned, he could serve Raynor only as the agent of McBean, who held the sole title to the contract. The objection to the testimony of the witness Mintzer that Mrs. Ferguson told him that Bills was there to represent Mc-Bean does not appear to have been sufficiently presented to the court below; but, assuming it to have been properly taken, the answer of the witness does not justify a reversal of the judgment. The plaintiff had already testified to the circumstances connected with the assignment of the contract to McBean, and that Bills was in fact a party to the assignment, though not so expressed in it. She had given evidence, as had also the witness upon the stand, tending to show the agency of Bills. Besides, if it were conceded that the court erred in overruling defendant's objection to this testimony, it is clear that the error was harmless, as the testimony abundantly shows, as we have just seen, that Bills was in fact the agent of McBean. The fact of the agency being sufficiently established by other testimony, and especially by the conduct and declarations of the defendant himself, he could not be injured by testimony erroneously admitted upon the same fact.

P. A. Raynor, called on behalf of the defendant, was asked the following question: "State at whose instance she obtained that contract." This question was asked for the purpose of showing that the contract here sued upon was obtained by Mrs. Ferguson from the Colton Land and Water Company at the instance and request of Raynor. This evidence was clearly immaterial. The plaintiff made the contract with the Colton Land and Water Company personally, and it was assigned to the defendant, who agreed in writing that, under the circumstances and conditions therein expressed, he would pay to her the sum of $3,000. The obligation of the defendant, it is clear, could not be affected by the fact that Raynor, or anyone else, had instigated the plaintiff to procure the contract.

W. E. Raynor, a witness for defendant, having testified that the mortgage given by his father to Bills for $35,000 included the unpaid purchase money of McBean's water right, as well as of the remainder of the land, was asked by defendant the following question: "State what was the relative consideration for the giving of that mortgage, as between McBean's water contract and Bills' interest in the land." Plaintiff's objection thereto was properly sustained. It will be observed that the mortgage was made to Bills alone. The question concedes that it included the unpaid consideration of the water right, which belonged to McBean, and assumes that the land conveyed by Bills to Raynor was in fact owned by Bills, and that McBean had no interest in it. The question at issue was as to McBean's interest in the land purchased from the Colton Land and Water Company under the Ferguson contract. How the relative value of the land and the water could possibly tend to show who in fact owned the land is beyond comprehension. If the witness had answered that the purchase price of the water included in the mortgage was one-fourth, it would have tended neither more nor less to prove the ownership of the land than would the answer that it was three-fourths. The question as to the relative value of these interests was therefore wholly immaterial. Finding no material error in the record, the judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion, said judgment and order are affirmed.