[No. 15893.    Department Two.—April 2, 1895.]

WILLIAM GISELMAN ET AL., EXECUTORS, ETC., RESPONDENTS, *v.* M. STARR, APPELLANT ET AL., DEFENDANTS.

MORTGAGE—POWER OF TRUSTEE TO ASSIGN.—Where a note given to a trustee was made payable to him as trustee, "or order," and a mortgage was also expressly made to him as trustee, "his assigns and successors," the trustee has, by necessary implication, the power to sell or assign the note and mortgage; and, where no evidence is offered to overcome the presumption that the assignee took the note and mortgage for value, the transfer to him is valid and not in violation of the trust.    ＼

ID.—INTENDED GIFT—DELIVERY.—The fact that a mortgagee intended the note and mortgage to pass by gift to an incompetent daughter for

whom the father has obtained letters of guardianship, and that the same have been entered in the inventory of her estate as the property of the incompetent, is not sufficient of itself to establish a gift, there being no delivery or assignment of the note and mortgage to the daughter, and no indorsement of the note payable to his order by the mortgagee.

ID.—REAL PARTY IN INTEREST—STATUTORY RIGHT OF DEFENDANT.—The defendant has a statutory right to have a cause of action against him prosecuted by the real person in interest; but where the plaintiff shows such a title in a note and mortgage sued upon as that a judgment upon it satisfied by defendant will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner, there is an end of the defendant's concern and of his right of objection; and, so far as he is interested, the action is being prosecuted in the name of the real party in interest.

ID.—DEFENSE AGAINST REAL OWNER.—Where *prima facie* legal title is shown in the plaintiff, such as would protect the defendant if judgment were obtained upon it, if the defendant claims another to be the real owner he must support his right to make that claim by showing that he has some equity or defense against the real owner which he cannot maintain against the *prima facie* legal owner.

ID.—CORRECTION OF DESCRIPTION OF MORTGAGE.—The court may properly reform a mortgage as to the description of the land, where there is sufficient evidence to support the finding of a mistake, and to justify the decree of correction.

ID.—FINDINGS.—Findings need not be made of facts admitted by the pleadings, or sufficiently covered by the findings actually made.

APPEAL from a judgment of the Superior Court of Lake County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Thomas B. Bond,* and *Woods Crawford,* for Appellant.

The gift to Ella Hastings was as complete and perfect as it was possible to make. It was not necessary that the note and mortgage should have been delivered into the hands of the ward, as the law accepted the gift for the ward. (*De Levillain* v. *Evans,* 39 Cal. 123; 2 Schouler on Personal Property, 63.) The action is not brought in the name of the real party in interest, and therefore cannot be maintained. (*Emmet* v. *Tattenham,* 8 Ex. 884; *Hays* v. *Hathorn,* 74 N. Y. 486; Code Civ. Proc., sec. 367.) Ella Hastings being the owner of the note and mortgage at the time of the death of her father, his estate cannot possibly acquire a title thereto, except by order

of the probate court.   Her guardian cannot relinquish
her right to the property or transfer it to the executors
of the estate of S. C. Hastings, deceased, or dispose of it
in any way except by order of the probate court.   (Civ.
Code, sec. 249; Code Civ. Proc., secs. 1770, 1789; *De La
Montagnie* v. *Union Ins. Co.*, 42 Cal. 290; *Kendall* v.
*Miller*, 9 Cal. 592.)   The assignment by the trustee to
Hastings was void.   (*Third Nat. Bank* v. *Lange*, 51 Md.
138; 34 Am. Rep. 304; *Decan* v. *Shipper*, 35 Pa. St.
239; 78 Am. Dec. 334; *De La Montagnie* v. *Union Ins.
Co., supra; Sayre* v. *Nichols*, 7 Cal. 536; 68 Am. Dec. 280.)
The complaint does not state facts sufficient to consti-
tute a cause of action for reformation of the mortgage,
as it does not allege that the defendant was requested
to correct any mistake therein prior to the commence-
ment of the suit.   (*Robbins* v. *Battle House Co.*, 74 Ala.
499; Gould on Pleading, 4th ed, c. 4, sec. 15, fols. 163,
164; *Haley* v. *Bagley*, 37 Mo. 363; *Fisher* v. *Hepburn*,
48 N. Y. 41, 55.)   All the parties interested were not
made parties to the suit brought by plaintiffs.   The
trustees and beneficiaries are not made parties by the
complaint as they should have been.   (Hawes on Par-
ties, sec. 26, citing *Hellman* v. *Schneider*, 75 Ill. 423;
*Conkling* v. *Davis*, 53 How. Pr. 409; *Moore* v. *Munn*, 69
Ill. 591; *Shackelford* v. *Bullock*, 34 Ala. 419.)   The evi-
dence failed to show any mistake.   The universal rule
is that the evidence must be clear and convincing, mak-
ing out the mistake to the entire satisfaction of the
court.   (Story's Equity Jurisprudence, 152–59; *Les-
trade* v. *Barth*, 19 Cal. 675; *Jarnatt* v. *Cooper*, 59 Cal. 706.)

*W. W. Sanderson*, and *Hudson & Sayre*, for Respond-
ents.

The defendant has failed to establish a gift of the
note from Hastings to his daughter, as there was no
indorsement of the note and no assignment of the
mortgage, and therefore no proper delivery.   (2 Kent's
Commentaries, 438; *Cremer* v. *Wimmer*, 40 Minn. 511.)
Ella Hastings is properly before the court, as the ap-

pearance by her guardian was sufficient for all jurisdictional purposes. (*Gronfier* v. *Puymirol*, 19 Cal. 629; *Smith* v. *McDonald*, 42 Cal. 485; *Emeric* v. *Alvarado*, 64 Cal. 594.) The general guardian had power to bind his ward, and the disclaimer filed in the action constituted a bar to any further proceedings therein by the ward. (*Waterman* v. *Lawrence*, 19 Cal. 217; 79 Am. Dec. 212; *English* v. *Savage*, 5 Or. 518.) Even if the disclaimer were beyond the authority of the guardian, the error could only be reached upon appeal in that action. (*Joyce* v. *McAvoy*, 31 Cal. 273; 89 Am. Dec. 172; *San Fernando H. Assn.* v. *Porter*, 58 Cal. 82.) The defendants should not be permitted to set up the alleged defense that the action was not brought in the name of the real party in interest, as they did not establish a defense to the note on the merits. (*Klein* v. *Buckner*, 30 La. Ann. 680; *Allen* v. *Pannell*, 51 Tex. 165; *Caldwell* v. *Lawrence*, 84 Ill. 161; *Vanbuskirk* v. *Levy*, 3 Met. (Ky.) 133; *Gushee* v. *Leavitt*, 5 Cal. 160; 63 Am. Dec. 116; *Price* v. *Dunlap*, 5 Cal. 483.)

HENSHAW, J.—The appeals are from the judgment and from an order denying a new trial.

Action by plaintiffs as executors of the last will of S. C. Hastings, deceased, to reform, and as reformed to foreclose, a mortgage executed by defendant.

Starr executed the note and mortgage in suit to William Giselman, trustee, in payment and cancellation of an existing note, also secured by mortgage, made by him to S. C. Hastings. A few days thereafter Giselman indorsed the note, "Pay to the order of S. C. Hastings, without recourse, William Giselman, trustee," and delivered it to Hastings. At the same time he executed, as trustee, an assignment to Hastings of the mortgage. These papers, upon the death of Hastings, coming into the hands of the executors, of whom Giselman is one, this action was in due time commenced.

The defendant meets it by answer and cross-complaint, whereby he claims that he executed the note and

mortgage to Giselman, as trustee, for the use and bene-
fit of the daughters of said Hastings; that at the time of
the assignment to Hastings he knew this fact, and, so
knowing, took the note and mortgage without consider-
ation; that thereafter Ella Hastings, daughter of S. C.
Hastings, acquired by gift all of the interest of S. C.
Hastings in the note and mortgage, and that the action
is not prosecuted by the real parties in interest.   The
named beneficiaries of the trust and the widow of S. C.
Hastings are interpleaded as having or claiming some
interest in the mortgage and note, and are brought in
under averments that without a determination of their
rights defendant cannot tell to whom to pay the amount
found due, nor with safety redeem in the event of a
sale.

Plaintiff's answer to the cross-complaint does not, in
terms, deny that the note and mortgage were executed
to Giselman as trustee for the use and benefit of the
named children of S. C. Hastings, but does deny that
they are or ever have been the property of the children
or any of them.   Upon all other material averments of
the cross-complaint it joins issue.

The children and others interpleaded by defendant,
one and all filed disclaimers, and in this state of the
pleadings the trial was had.

The death of Hastings and their appointment as
executors admitted, plaintiffs introduced the note with
its indorsement, the mortgage and the assignment of it,
and rested upon this direct evidence and the presump-
tions arising from it. (Code Civ. Proc., sec. 1963, subds.
8, 11, 21, 22; Civ. Code, secs. 1614, 3104, 3122–24.)

1. The first point presented by appellant is that the
transfer by Giselman to Hastings is void, since the note
and mortgage are the only instruments creating and
containing the terms of the trust, and there is nothing
in them to show that Giselman had the power to sell or
assign.   If the note and mortgage are the only instru-
ments creating the trust, then is the trust radically
defective in naming no beneficiaries.   (Civ. Code, sec.

2221.) But aside from this, and treating the instruments as defining the powers of the trustee, there is contained in them, by necessary implication, the power to the trustee to sell or assign. For the promissory note is made payable to Giselman, trustee, *or order*, and the mortgage was also to Giselman, trustee, *his assigns and successors*. No evidence having been offered to overcome the presumption that Hastings took the note and mortgage for value, the transfer to him was not in violation of the trust but was valid.

2. In support of the contention that the interest of S. C. Hastings in the note and mortgage passed by gift to his daughter Ella, it is shown that Ella was incompetent, and that the father applied for and obtained letters of general guardianship over her and her estate. In the inventory of her estate, which is duly verified by the guardian, the note and mortgage are entered as the property of the incompetent. The note was exhibited to the appraisers by or at the instance of Hastings, and by them appraised at a valuation suggested by him. The clerk of the court testified that at the time of the application for letters of guardianship the father expressed sympathy and anxiety for his afflicted child, and said he was making provision for her and desired to make such provision while he was living. "He said he had not yet turned over any thing, but expressed his desire to do so."

This array of facts and circumstances makes a strong presentation of the intent of Hastings to give the note and mortgage to his daughter. It is established that upon one occasion, under oath, he declared them to be her property. But such a declaration, however binding in good morals, is not of itself sufficient to establish a gift. No legal duty was imposed upon Hastings to give this particular property to his daughter, and, if the intended donation lacked any thing of consummation, the promises or declarations were but *nudum pactum* and not enforceable. It is not here a question of acceptance of the gift by the incompetent which, the gift being

advantageous to her, the law would presume; but the question is whether the gift was so completely made as to enable the law to presume its acceptance.    To every gift delivery is essential.    Says Chancellor Kent, speaking of negotiable instruments: "Delivery in this, as in every other case, must be according to the nature of the thing. . . . . It must be the true and effectual way of obtaining the command and dominion of the subject. . . . . If the thing given be a *chose in action* the law requires an assignment, or some equivalent instrument, and the transfer must be actually executed."    The Civil Code declares that a verbal gift is not valid, unless the means of obtaining possession and control of the thing are given, nor, if it is capable of delivery, unless there is an actual or symbolical delivery of the thing to the donee."    (Civ. Code, sec. 1147.)    Hastings' attempted or intended gift fell short of these requirements.    Lacking his indorsement of the note, his possession remained a possession in his personal and not in his representative character, and the gift failed of completion.

What has been said renders unnecessary any consideration of the points presented by appellant, that Ella Hastings' guardian was a volunteer who appeared without service of summons or cross-complaint upon either the ward or herself, and that she had no power to disclaim or to bind the ward by disclaimer.

3.    The defendant has a statutory right to have a cause of action against him prosecuted by the real person in interest (Code Civ. Proc., sec. 307), and it was in the exercise of that right that he pleaded lack of title in plaintiffs and asked to have determined the conflicting claims of those whom he asserted to be the owners.    But the purpose of the statute is readily discernible, and the right is limited to its purpose.    It is to save a defendant, against whom a judgment may be obtained, from further harassment or vexation at the hands of other claimants to the same demand.    It is to prevent a claimant from making a simulated transfer, and thus defeating any just counterclaim or setoff which defendant would

have to the demand if pressed by the real owner. But where the plaintiff shows such a title as that a judgment upon it satisfied by defendant will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner, then there is an end of the defendant's concern and with it of his right to object; for, so far as he is interested, the action is being prosecuted in the name of the real party in interest. The cases which seemingly lay down the broad rule that it is not a good plea to allege that the note sued upon is the property of another and not of plaintiff, without showing some substantial matter of defense against the one asserted to be the owner, are to be read in the light of their facts, and so read they will be found to be in strict accord with what is here said. These are cases where *prima facie* legal title is shown in plaintiff, such a title as would protect defendant if judgment were obtained upon it. If, under such circumstances, the defendant claims another to be the real owner, he must support his right to make that claim by showing that he has some equity or defense against the real owner which he cannot maintain against the *prima facie* legal owner. Such is the meaning of *Price* v. *Dunlap,* 5 Cal. 483; and *Gushee* v. *Leavitt,* 5 Cal. 160; 63 Am. Dec. 116.

In the case under consideration the plaintiffs are *prima facie* legal owners, as executors, of the note and mortgage. Defendant is fully protected against those whom he names as owners and claimants by the judgment in favor of plaintiffs, and, in addition, he neither pleads nor shows any defense or setoff which he could make against the real owner, were Ella Hastings declared to be such. Therefore, by satisfying the present judgment, defendant is discharged from liability to all of the alleged conflicting claimants; and, since he does not dispute the debt nor its amount, this is all that in equity he can ask, or should desire.

4. The complaint sufficiently pleaded facts which, if proved, would entitle plaintiffs to a reformation of the

description of the second tract of land mortgaged. In the mortgage the description began " at meander post on line between sections 2 and 25, in township 14 north, of range 10 west, Mount Diablo meridian," etc. It was sought to change 2 to 24, making it read " between sections 24 and 25." This reformation the court ordered. The evidence, it is contended, does not support the finding. The evidence is in some respects confusing and unintelligible. The witness Starr speaks of the land by descriptions foreign to that of the mortgage and without the judicial knowledge of this court, though doubtless well understood by the trial judge and counsel. We cannot be expected to know, judicially, where the "mill property" is, or where "the fence stood about where the west line of Main street is now," nor much about a description " which goes about down to the China house and runs west along the section line about seven hundred feet." But through the mists enough can be discerned to show that the finding is justified and supported. The mortgage declares that the tract described is the same heretofore conveyed by A. F. Tate to L. A. Young. Tate's deed contains the description contended for by plaintiffs. Defendant is given the description claimed and asked if, assuming it correctly describes the property on which the flour-mill rests, he meant to mortgage it. He replies, yes, but says he " understands it is not a proper description." The Young deed would seem. to show that it is. He also says that the meander corner must be on the north line of section 25, " the section line between 24 and 25." Construing the description given in the mortgage, sections 2 and 25, of township 14, are not contiguous sections, while sections 24 and 25 are. Altogether there is sufficient evidence to support the finding of mistake and to justify the decree of correction.

The averments in the cross-complaint, which it is complained were not found upon by the court, were

either admitted or sufficiently covered by the findings actually made.

The judgment and order appealed from are affirmed.

McFARLAND, J., and TEMPLE, J., concurred.