[Civ. No. 491.   Second Appellate District.—May 29, 1908.]

WILLIAM KETTNER, Respondent, v. A. B. SHIPPEY et al., Appellants.

ACTION UPON NOTE—ASSIGNMENT AFTER MATURITY—ISSUES AS TO CONSIDERATION—FINDINGS—IMMATERIAL OMISSION—CONSIDERATION OF ASSIGNMENT.—In an action upon a negotiable note indorsed to the plaintiff after maturity, where the defendants joined issue on the allegations of consideration for the transfer to the plaintiff, and pleaded want of consideration for the original note, findings by the court that plaintiff is the owner and holder of the note, and that it was executed by defendants for a valid consideration, sufficiently cover the material issues, and the omission of the court to find upon the issue as to the consideration for the transfer of the note to plaintiff is immaterial.

ID.—TITLE PROTECTING DEFENDANT—SUBJECTION OF DEFENSES—REAL PARTY IN INTEREST—CONSIDERATION.—Where plaintiff shows such title to the note that a judgment upon it, satisfied by the defendant, will protect him from further annoyance or loss; and where, as against the plaintiff, defendant can urge any defense which he could make against the payee, that is the end of the defendant's concern, and of his right to object that plaintiff is not the real party in interest. When so protected, the character and extent of the consideration paid by the assignee to the payee is wholly immaterial, and no prejudice results to the payee from any omission to find in relation thereto.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

J. S. Clack, Bradley & Farnsworth, and George W. Cartwright, for Appellants.

H. B. McClure, for Respondent.

ALLEN, P. J.—The complaint declares upon a promissory note, negotiable in form, executed by defendants to one Brown for $1,300 and interest. Alleges also its maturity, nonpayment and assignment and transfer, before the com-

mencement of the action, for a valuable consideration, to
plaintiff, who is the owner and holder thereof. The answers
deny the execution of the note, or that for a valuable consid-
eration it was assigned or transferred to plaintiff by Brown,
and allege that there was no consideration for its original
execution.

Upon the trial the execution was admitted, and the court
found that after maturity Brown assigned and transferred
the note to plaintiff, who is now the lawful owner and holder
thereof. The court further finds against defendants upon
the issue as to consideration in the original execution.

Appellants contend for a reversal of the judgment because
no finding is made in relation to the valuable character of
the consideration for the assignment and transfer to plaintiff.
Under the rule, the complaint must be construed as alleging
transfer after maturity, from which it follows that in the
action defendants were entitled to avail themselves of any
defense which they could have made had the suit been
brought by the original payee. The purpose of the statute
which provides that the action must be prosecuted by the real
party in interest is to save a defendant against whom a judg-
ment may be obtained from further vexation or litigation
instituted by other parties claiming the same demand; "but
where the plaintiff shows such a title as that a judgment upon
it satisfied by defendant will protect him from further annoy-
ance or loss, and where, as against the party suing, defendant
can urge any defenses he could make against the real owner,
then there is an end of the defendant's concern, and with it
of his right to object." (*Giselman* v. *Starr*, 106 Cal. 658,
[40 Pac. 8].) When so protected, the character or extent
of consideration paid by the assignee is wholly immaterial,
and no prejudice results from any omission to find in rela-
tion thereto.

It is insisted further by appellants that the evidence is in-
sufficient to support the finding that the note was executed
upon a valid consideration. There is evidence in the record
which, if true, establishes that Brown held a note for $1,500,
secured by chattel mortgage upon property owned by de-
fendant Noble, the payment of which note Noble had as-
sumed; that, under an agreement with Noble and certain
of defendants who had become associated with him in the

ownership of said property, Brown agreed to accept the note sued on in satisfaction of the note held by him and so secured. Pursuant to this agreement the note set out in the complaint was executed. Brown thereafter released the mortgage and destroyed the note which it secured. The court accepted these facts as established. They are sufficient to warrant the finding. That the evidence was conflicting is apparent, but it is not our duty to disturb a finding which rests upon competent evidence.

There is no prejudicial error in the record, and the judgment and order appealed from are affirmed.

Shaw, J., and Taggart, J., concurred.