[L. A. No. 6802. In Bank.—September 13, 1921.]

## ARCHIBALD S. RALPH, Respondent, v. JOSEPH ANDERSON, Appellant.

[1] CHOSE IN ACTION—ASSIGNMENT—PARTIES.—An assignee of a chose in action may bring suit thereon in his own name.

[2] ID.—COLLISION OF AUTOMOBILES — CAUSE OF ACTION FOR NEGLIGENCE—ORAL ASSIGNMENT.—Since there is no statutory provision requiring an assignment of a claim for damages to an automobile, alleged to have resulted from negligence in a collision, to be in writing, parol evidence of the transfer is admissible.

[3] ID.—WITNESSES—TESTIMONY OF ASSIGNOR.—In a suit by the assignee upon a claim so assigned, the oral testimony of the assignor himself to the effect that he has transferred his claim is sufficient to bind the assignor and support a finding that an assignment has been made.

[4] ID.—PARTIES—COLLATERAL AGREEMENT WITH REFERENCE TO RECOVERY.—Provided the assignment in such a case, whether verbal

or written, is absolute so as to vest the apparent legal title in the assignee, the latter is entitled to sue in his own name, whatever arrangements may have been made between him and the assignor respecting the proceeds, as the debtor is completely protected by the assignment.

[5] Id.—Interest of Third Party in Claim—Evidence—Admissibility of.—In an action by the assignee upon an assigned claim for damages to an automobile alleged to have occurred by defendant's negligence, evidence of the interest in the claim of an insurance company in which both the assignor and assignee were insured is admissible subject to plaintiff's connecting this interest with the present action by proof of his authorization to sue.

[6] Id.—Evidence—Appeal.—In an action upon an assigned claim where the trial court found, upon ample evidence, that plaintiff sustained the burden of proving a direct assignment of the claim, defendant cannot upon appeal raise objection that certain evidence is lacking when his attorneys are responsible for its omission, nor can he complain that the case was tried upon an erroneous theory when the court and parties were led into the acceptance of that theory by defendant's own counsel.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

David R. Faries, Ivan Kelso and Head & Rutan for Appellant.

Scarborough, Forgy & Reinhaus for Respondent.

LENNON, J.—The automobile of one H. O. Henderson was damaged in a collision with the automobile of Joseph Anderson. Archibald S. Ralph instituted the present action against said Joseph Anderson for damages, alleging that the collision was the result of defendant Anderson's negligence and that said H. O. Henderson duly assigned, sold, and transferred his claim against the said defendant as sued for in this action "to the plaintiff herein [Ralph], who is now the owner and holder thereof." Judgment having been rendered in favor of the plaintiff, defendant appeals upon the ground that the evidence is insufficient to show that plaintiff Archibald S. Ralph is the owner of the claim sued upon or is authorized to bring suit in his own name and, therefore, that a judgment in plaintiff's favor would not protect defendant against a subsequent suit upon

the claim by the real owner. This is the only question raised upon the appeal.

[1] If there is sufficient evidence to support the finding that the owner of the claim assigned the same to plaintiff, the judgment in plaintiff's favor must be affirmed, for it is the settled rule that an assignee of a chose in action may bring suit thereon in his own name. (*Wiggins* v. *McDonald*, 18 Cal. 126; *Gradwohl* v. *Harris*, 29 Cal. 150; *Reios* v. *Mardis*, 18 Cal. App. 276, [122 Pac. 1091].) Upon the assignment phase of the case, Mr. Henderson, the owner of the damaged automobile, was called as a witness for the plaintiff. The record discloses that he testified (1) that he assigned any claim that he might have against the defendant to Archibald S. Ralph, the plaintiff; (2) that the assignment was made shortly after the accident; (3) that the assignment was oral and consisted of a direction to Ralph to collect the damages from the defendant. [2] There was no attempt to prove that the assignment was written, and, since there is no statutory provision requiring an assignment of such a claim to be in writing, parol evidence of the transfer was admissible. (*Humboldt Milling Co.* v. *Northwestern Pac. Ry.*, 166 Cal. 175, [135 Pac. 503]; *Shoenhair* v. *Jones*, 33 Cal. App. 545, [165 Pac. 971]; Civ. Code, sec. 1052.) [3] In a suit by the assignee upon a claim so assigned, the oral testimony of the assignor himself to the effect that he has transferred his claim is sufficient to bind the assignor and support a finding that an assignment has been made. (*Bruno* v. *Severini*, 34 Cal. App. Dec. 371, 196 Pac. 501.) The testimony of the original owner of the claim that he had assigned the same to the plaintiff in the instant case by oral assignment was, therefore, sufficient proof of an assignment.

It is true that it also appears from the testimony of both the assignor Henderson and the assignee Ralph that Henderson was, at the time of the collision, insured in the Automobile Indemnity Exchange of Orange County, an inter-insurance association organized pursuant to statutory provisions (Stats. 1917, p. 1170; amended Stats. 1919, p. 1270), of which plaintiff Ralph was the attorney in fact and manager. And it may further be gathered from the testimony that it was understood between Henderson and Ralph that the amount of any judgment collected in this action was

to be turned over to the said indemnity exchange. This agreement restricting the disposition of the proceeds recovered in no way detracts from plaintiff's capacity to sue, for an assignee is not deprived of his right to sue in his own name by the fact that the claim is assigned merely for collection. (*Toby* v. *Oregon Pac. R. R.*, 98 Cal. 490, [33 Pac. 550].) **[4]** Provided the assignment, whether verbal or written, is absolute so as to vest the apparent legal title in the assignee, the latter "is entitled to sue in his own name, whatever collateral arrangements have been made between him and the assignor respecting the proceeds. The debtor is completely protected by the assignment, and cannot be exposed to a second action brought by any of the parties, either the assignor or other, to whom the assignee is bound to account." (Pomeroy's Code Remedies, 4th ed., sec. 70; *Grant* v. *Heverin*, 77 Cal. 263, [18 Pac. 647, 19 Pac. 493]; *Ingham* v. *Weed*, 5 Cal. Unrep. 645, [48 Pac. 318].)

However, defendant advances the theory that it is apparent from the evidence adduced upon the whole case that the Automobile Indemnity Exchange of Orange County, and not the plaintiff Ralph, is the assignee of the claim and is the real party at interest. It is pointed out, in support of this contention, that the evidence shows that Henderson was insured in the inter-insurance company above mentioned and that the company has become subrogated to Henderson's claim against defendant by reason of having assumed charge of and paid for some of the repairs to the Henderson automobile, and, furthermore, that, aside from the right arising from subrogation, the actual assignment testified to by Henderson was not an assignment to Ralph individually, but solely in his capacity as agent for the said exchange. It is, therefore, urged that the present action should not have been prosecuted by plaintiff in his individual capacity. (*Swift* v. *Swift*, 46 Cal. 266; *Chin Kem You* v. *Ah Joan*, 75 Cal. 124, [16 Pac. 705].)

Upon the trial of the case, counsel for defendant repeatedly and successfully objected to all questions of counsel for plaintiff tending to bring out the interest which the said Automobile Indemnity Exchange possessed in the claim sued upon. Objection was likewise made to plaintiff's attempt to prove an authorization from the inter-insurance company to plaintiff to bring suit upon the claim. **[5]**

Evidence of the inter-insurance company's interest in the claim was admissible, subject, of course, to plaintiff connecting this interest with the present action by proof of his authorization to sue. (*Bauer* v. *State*, 144 Cal. 740, [78 Pac. 280]; *Ferguson* v. *McBean*, 4 Cal. Unrep. 429, [35 Pac. 559].) However, as a result of the attitude of defendant's counsel, plaintiff was compelled to try the case upon the theory of a direct assignment of the claim to plaintiff subject to a collateral agreement concerning the disposition of the proceeds. [6] The trial court having found, upon ample evidence, that plaintiff sustained the burden of proving such a direct assignment, defendant cannot upon appeal raise objection that certain evidence is lacking when his attorneys are responsible for its omission, nor complain that the case was tried upon an erroneous theory when the court and parties were led into the acceptance of that theory by defendant's own counsel. (*Powell* v. *Ross*, 4 Cal. 197; *Merrill* v. *Kohlberg*, 29 Cal. App. 382, [155 Pac. 824]; *Harp* v. *Harp*, 136 Cal. 421, [69 Pac. 28].)

It is contended that the court erred in sustaining objections to questions put to the witness H. O. Henderson by defendant's counsel as to whether or not he (Henderson) had assigned the claim in question to the Automobile Indemnity Exchange. The correctness of these rulings need not be investigated, for it appears that the court subsequently overruled the objection of plaintiff's counsel and permitted the witness to answer the following question: "Is it not, Mr. Henderson, a fact, that prior to the filing of this suit you assigned all of your rights, titles, and interests to any claim, cause of action arising out of this accident, if any you had, to the Automobile Indemnity Exchange of the Orange County Automobile Club?" In response, the witness stated, in effect, that the only assignment of the claim made by him was the oral assignment concerning which he had already testified. This question and answer brought forth all the information called for by the questions previously ruled out, and it follows that, if any error was committed, it was not prejudicial to the defendant.

The judgment is affirmed.

Sloane, J., Shaw, J., Wilbur, J., Shurtleff, J., Lawlor, J., and Angellotti, C. J., concurred.