[Civ. No. 5186. Second Appellate District, Division One.—August 16, 1928.]

F. C. RHOADES, Respondent, v. F. D. SILVIUS et al., Appellants.

Albert G. Payne and F. D. Silvius, *in pro. per.,* for Appellants.

Frank M. Bering for Respondent.

CONREY, P. J.—This action was brought against Higgins, the maker of the note, and Silvius, guarantor of its payment. Judgment by default was entered against the maker. After trial of the case against the guarantor, judgment was entered against him, from which judgment he now appeals.

The grounds of appeal, as gleaned from the brief for appellant (there being no clear statement of points and authorities, and there being no index of contents or table of cases, as required by the rules of court), appear to be: First, that the plaintiff is not entitled to maintain the action; second, that appellant tendered payment of the note and that the offered payment was refused; third, that the contract of guaranty was made subsequently to the delivery of the note and without any separate consideration, and is therefore void under the provisions of section 2792 of the Civil Code.

The note was made to the Citizens Trust and Savings Bank of Los Angeles. The assistant cashier of the bank testified that the note was assigned to plaintiff Rhoades

for collection. The note itself, as produced in evidence by the plaintiff, bears the bank's indorsement in blank, placed thereon by a competent officer. These facts constitute a transfer sufficient to authorize the plaintiff to maintain the action. (Civ. Code, secs,. 1459, 3115; *Ralph* v. *Anderson*, 187 Cal. 45 [200 Pac. 940]; *Giselman* v. *Starr*, 106 Cal. 651, 657, 658 [40 Pac. 8].)

 Appellant testified that, on a date after the note fell due, and in response to a letter from the bank demanding payment, he went to the bank with sufficient funds in hand for payment of the note, and told the assistant cashier, Mr. Ralston, that he was ready to pay, and asked for an assignment of the note to himself; that Mr. Ralston responded that arrangements had been made with the Third Street Branch, another branch of the same bank, to handle the matter. Assuming, without deciding, that appellant's testimony, if uncontradicted, was sufficient to establish a valid tender, we are met by the fact that Mr. Ralston denied that appellant ever offered him any money in payment of or on account of said note, or ever asked for an assignment thereof. On this point, therefore, the case is reduced to the familiar condition wherein there was a conflict in the evidence and the findings must prevail.

 The contract of guaranty signed by appellant was endorsed on the back of the note. The only evidence concerning the time of signature by appellant is in his own testimony, wherein appellant stated, in substance, as follows: "Q. Mr. Silvius, was this the first note that you endorsed at this bank for Mrs. Higgins? A. This was a renewal. . . . Q. Now, was she present when you endorsed this as guarantor? A. No, sir. Q. What was the condition of the note when you endorsed it—had she signed it? A. Yes, sir. Q. What did they say to you, if anything, about the former note of which this is a renewal? A. That it had run out and they wanted it renewed. Q. How long after Mrs. Higgins had signed the note, if she had signed it? A. I don't know; I expect 2 or 3 days afterwards. Q. Did you receive anything for it? A. No, sir. Q. Did they say anything about what they had done with the former note which you had signed? A. I suppose they tore it up. Q. Did they say anything about it? A. No, sir. Q. What did they say about Mrs. Higgins having signed this note previously, if

anything? A. They said she signed it and left . it there for me to sign later on." The foregoing testimony is entirely consistent with the facts of a single transaction. No effort was made by appellant to prove that the former note had been surrendered to the maker and the note accepted by the bank before the guaranty was signed. On the contrary, assuming that the ordinary course of business was followed, the former note was not surrendered or the new note accepted until appellant had signed the contract of guaranty.

The judgment is affirmed.

Houser, J., and York, J., concurred.