[No. 14568. Department Two. — September 20, 1892.]

JOHN F. HULSMAN, Respondent, *v.* JOSEPH TODD ET AL., Appellants.

PLEADING — COMPLAINT — GENERAL DEMURRER — DEFECTIVE STATEMENTS. — A general demurrer to a whole complaint cannot be sustained if the complaint states facts, though imperfectly, showing that the plaintiff is entitled to relief, either legal or equitable.

ID. — QUIETING TITLE — DIVERSION OF WATER — INFORMATION AND BELIEF — DEFECTIVE AVERMENT — ADVERSE CLAIM. — A complaint, in an action to quite title to water flowing across the plaintiff's land, and to enjoin a diversion thereof, and to recover damages for the diversion, which states a wrongful diversion of the water of the stream by the defendants, to the detriment of the plaintiff, and a threatened continuance of such diversion, is sufficient to entitle the plaintiff to some relief, and is not bad upon general demurrer because its averments as to the adverse claim of the defendants are merely to the effect that plaintiff is informed and believes that they claim some interest in the stream adverse to the plaintiff, without alleging that they do claim such interest.

DAMAGES FOR DIVERSION OF WATER — JOINT LIABILITY — DEFENDANTS CLAIMING UNDER COMMON TITLE — DIVERSION BY ONE FOR SEVERAL BENEFIT OF ALL. — In such action, where the defendants all join in a common answer denying the plaintiff's title, and alleging that all of the defendants claim an interest in the waters of the stream adverse to that of the plaintiff, by virtue of an appropriation made by one of the defendants and his grantors, and it appears that, in pursuance of said claim and for the several benefit of himself and his co-defendants, such defendant entered upon the stream above the plaintiff's land and diverted the waters of the stream therefrom, all of the defendants are jointly liable for the damage resulting from such diversion, and the fact that the ditch had not been extended to the land of one of the defendants is immaterial upon the question of his joint liability.

FINDINGS — OMISSION TO FIND — REVIEW UPON APPEAL. — Where the findings made dispose of the issues sufficiently to support the judgment, and make it clear that if more specific findings had been made, they must necessarily have been adverse to appellant, the judgment cannot be reversed for failure to find specifically upon each issue.

APPEAL from a judgment of the Superior Court of Lassen County.

The facts are stated in the opinion.

*Spencer & Raker*, for Appellants.

*Goodwin & Goodwin*, for Respondent.

BELCHER, C. — It is alleged in the complaint in this case that for more than thirty years the plaintiff and

his grantors have been the owners and in possession of a certain tract of land in Lassen County, which, during all that time, has been held and used by them as a farm; that from time immemorial a small stream of water, known as Lassen Creek, has flowed to, upon, and across the said tract; that in the spring the stream carries about 225 inches of water, measured under a four-inch pressure, but the amount thereafter diminishes until the flow does not exceed 25 inches; that plaintiff is the owner of three ditches, conveying water from said stream to and upon his lands, to irrigate the same, and that he and his grantors have owned, possessed, and used said ditches for that purpose for thirty years last past; that the three ditches have an aggregate capacity to carry 230 inches of water, measured under a four-inch pressure, and that plaintiff now owns the said water and the whole thereof, and has the right to have the same flow undisturbed to, upon, and across his land, and to and through his ditches; that plaintiff is informed and believes that defendants, and each of them, claim some interest in the waters of said stream adverse to him, and that such claim is without right; that at the time of the commencement of the action, there was not to exceed 75 inches of water flowing in the said stream; that defendants have entered upon the stream above plaintiff's land and ditches, and have diverted a large portion of the waters thereof, and are conveying the same entirely away from plaintiff's land, and wholly depriving him of the use thereof; that plaintiff has growing crops of grass and grain and other products upon his land, which require all the water flowing in the said stream for their growth and maturity; that to deprive plaintiff of the use of the water will result in his irreparable injury; that defendants threaten to continue such diversion, and plaintiff has already suffered damage in the sum of one hundred dollars.

And the prayer is, that plaintiff have judgment quieting his title to the waters of Lassen Creek to the extent of 230 inches as against defendants, and perpetually en-

joining them from diverting any portion thereof away from his land and ditches, and for damages in the sum of $100.

The defendants demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and their demurrer was overruled. They then filed a joint answer, by which they denied all the averments of the complaint, except those as to Lassen Creek, the amount of water flowing in it, and their adverse claim to a portion thereof; and alleged that defendant Joseph Todd had a right to fifty inches of the water of the stream, measured under a four-inch pressure, which was prior and superior to the right thereto of the plaintiff, and that the other defendants never obstructed the flow of the waters of the creek, or claimed any interest in or right to the same, except the fifty inches owned and claimed by Joseph Todd and subject to his superior right. They also pleaded the statute of limitations in bar of the action.

After trial, the court made its findings, and rendered judgment in favor of the plaintiff, according to the prayer of his complaint. From that judgment the defendants appealed, and the case is brought here for review on the judgment roll alone.

The first point made for a reversal of the judgment is, that the court erred in overruling the demurrer.

We see no error in the ruling. The law is well settled that a general demurrer to a whole complaint cannot be sustained if the complaint states facts, though imperfectly, showing that the plaintiff is entitled to relief, either legal or equitable. (*White* v. *Lyons*, 42 Cal. 279; *Cassidy* v. *Cassidy*, 63 Cal. 352; *McPherson* v. *Weston*, 64 Cal. 275; *Fleming* v. *Albeck*, 67 Cal. 226.) Here the averment objected to as insufficient is: "That the plaintiff is informed and believes that the defendants, and each of them, claim some interest in and to the waters of said stream, adverse to plaintiff's title thereto"; and it is argued that this is not an averment that defendants claim any interest in the waters, but only that plaintiff

is informed and believes that they do; and hence that the complaint does not state a cause of action to quiet title. Conceding this to be so, still the complaint states facts showing a wrongful diversion of water by the defendants, to the detriment of plaintiff, and a threatened continuance of such diversion. Under this showing, we think the plaintiff was clearly entitled to some relief, and his complaint was therefore not demurrable on the ground that it did not state facts sufficient to constitute a cause of action.

The next point is, that the court failed to find upon the issue raised by the pleadings, as to whether or not the defendants had "any right or title to, or interest in, the waters of said stream, or any portion thereof," and also failed to find upon the statute of limitations, pleaded by defendants; and it is claimed that for want of findings upon these issues, the judgment should be reversed.

The court found "that in the early spring of 1889, the defendants claimed an interest in the waters of said stream adverse to the plaintiff, and did so claim at the time this action was commenced; that the said claim was without right, and in subordination to plaintiff's right and title to said water." It further found "that since the year 1860, the plaintiff and his grantors have occupied and improved the lands described in the complaint; . . . . that at the commencement of this action plaintiff owned, and since 1861 he and his grantors have owned, the three ditches described in the complaint; . . . . that by means of said ditches the plaintiff and his grantors have, each year, during all of said time, . . . . diverted from said stream and appropriated 230 inches of water, measured under a four-inch pressure, . . . . and that said amount of water is necessary during all of the spring, summer, and fall months of each year, for the irrigation and other domestic wants of plaintiff on said land, and at the time this action was commenced the plaintiff owned all the water flowing in said stream above his said lands, to the extent aforesaid."

These findings seem sufficient to meet and dispose of

the issues referred to, and they, at least, make it clear that if more specific findings had been made, they must necessarily have been adverse to appellants. The judgment cannot therefore be reversed for the failures complained of. (*People* v. *Center*, 66 Cal. 564; *Gillespie* v. *Lake*, 85 Cal. 407; *Winslow* v. *Gohransen*, 88 Cal. 450.)

The third and last point which need be noticed is, that a joint judgment for damages and costs was entered against all of the defendants. It is claimed that no judgment for damages or costs was authorized as against the defendant Hosselkus, and that the judgment entered, at least so far as it affects him, should be reversed.

We do not think this claim can be sustained. It appears that Hosselkus joined in a common answer with the other defendants, denying, among other things, that plaintiff had any right to " fifty inches of the waters of said creek belonging to the defendants," and alleging that defendant Joseph Todd and his grantors rightly entered upon the stream and diverted fifty inches of the waters thereof, and had thereby acquired a right thereto which was superior to any rights of the plaintiff, and that he (Hosselkus) claimed no right to the waters of the stream, except such as he may have to the said fifty inches owned by Joseph Todd. And the court found that the defendants claimed an interest in the waters of the stream adverse to plaintiff, and "that in pursuance of said claim, and for the several benefit of himself and his co-defendants, the defendant Joseph Todd entered upon said stream above the land of plaintiff, and above each and all of his ditches as aforesaid, and in the spring of 1889 diverted a portion of the waters belonging to plaintiff." The diversion was therefore for the benefit of Hosselkus, and presumably was made partly at his instance and by his procurement. Under these circumstance he became jointly liable with the other defendants for the damages resulting, and it was immaterial that the ditch had not yet been extended to his land.

The cases of *Miller* v. *Highland Ditch Co.*, 87 Cal. 430, 22 Am. St. Rep. 254, *Blaisdell* v. *Stephens*, 14 Nev. 17, 33

Am. Rep. 523, and *Foreman* v. *Boyle*, 88 Cal. 290, are not in point. In those cases it was held that an action for damages cannot be maintained against several defendants jointly, when each acts independently of the others and there is no concert or unity of design between them. The rule thus stated is undoubtedly correct, but it is not applicable to this case.

We advise that the judgment be affirmed.

Vanclief, C., and Temple, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

McFarland, J., De Haven, J., Sharpstein, J.