[S. F. No. 1423.    Department Two.—June 15, 1900.]

PACIFIC PRESS PUBLISHING COMPANY, Respondent, v. G. T. LOOFBOUROW and W. J. SPENCER, Defendants. W. J. SPENCER, Appellant.

GUARANTY—LIABILITY OF GUARANTOR—MODIFICATION OF ORIGINAL CONTRACT—CONSENT OF GUARANTOR.—Although a guarantor is released from liability where the original contract is modified without his consent, he is not so released where modifications are consented to by him.

ID.—APPLICABILITY OF GUARANTY—EFFECT OF CONSENT.—Where the consent of the guarantor to any modification of the original contract exists, it is not necessary that the original guaranty should be changed or made expressly applicable to the modified contract; and it is immaterial whether the modification consented to was a benefit or disadvantageous to the guarantor.

ID.—SETTLEMENT OF TEMPORARY DIFFICULTY.—Where there was no actual breach of the contract on the part of the person to whom the guaranty was given, the fact that a temporary difficulty existed between the original parties to the contract is immaterial, if the settlement of it led to a modification of the contract, which was consented to by the guarantors.

APPEAL from a judgment of the Superior Court of Alameda County.  S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Davis & Hill, for Appellant.

The mere consent of the guarantor to acts of the parties to the original contract is not a consent to renew or continue his liability as guarantor. (Brandt on Suretyship and Guaranty, sec. 113; *Case v. Luse*, 28 Iowa, 527; *Kimball v. Rioye*, 9 Rich. 295; *Hatch v. Antrim*, 51 Ill. 106; *Switzer v. Baker*, 95 Cal. 540.)

Samuel Bell McKee, and Max Marcuse, for Respondent.

The defendants first violated the contract, and cannot complain of the want of strict performance by the plaintiff. (*Twomey v. People's Ice Co.*, 66 Cal. 233; *Dunn v. Daly*, 78 Cal. 640; *Golden Gale etc. Co. v. Sahrbacher*, 105 Cal. 114; *Wilson v. Lindner*, 41 Ill. App. 239; 7 Am. & Eng. Ency. of Law, 2d ed., 149, 150.) Alterations of the contract consented to by the guarantor cannot affect his liability upon the guaranty. (Civ. Code, sec. 2819; Code Civ. Proc., sec. 1962, subd. 2; *Pimental v. Marques*, 109 Cal. 406; *Pelton v. Prescott*, 13 Iowa, 567; *Knoebel v. Kircher*, 33 Ill. 308; *Bell v. Mahin*, 69 Iowa, 408; *Jackson v. Johnson*, 67 Ga. 167; Brandt on Suretyship and Guaranty, 2d ed., sec. 384; *Crosby v. Wyatt*, 10 N. H. 318; *Strafford Bank v. Crosby*, 8 Me. 191; *Briggs v. Norris*, 67 Mich. 325; *Rutherford v. Brachman*, 40 Ohio St. 604; *Hutchinson v. Wright*, 61 N. H. 108; *Jackson v. Johnson*, 67 Ga. 167.)

McFARLAND, J.—This is an action brought by plaintiff against defendant Loofbourow for printing and binding a certain book, and against defendant Spencer as guarantor that Loofbourow would perform his part of the contract between him and plaintiff touching the printing, etc., of said book. Judgment went for plaintiff against both defendants for six hundred and sixty-four dollars and fifty cents, the amount due plaintiff on the contract. Loofbourow has not appealed, and it is admitted that the judgment against him is right. Spencer appeals from the judgment, bringing up the judgment-roll, which includes a bill of exceptions.

No exception was taken to any ruling of the court as to the admissibility of evidence, nor to any ruling at all during the progress of the trial. The court made voluminous findings; and to these appellant takes many exceptions, under the heads of "specifications of particulars" in which the evidence is insufficient to justify the findings of fact, "errors of law," and that "the decision is against law." The real position of appellant, however, is that the court erroneously concluded as a matter of law from the facts in the case that appellant was liable as a guarantor. There is really no material conflict of evidence, and it clearly supports the facts found.

On July 16, 1896, the respondent Loofbourow entered into a written contract for the printing and binding of five thousand copies of the book, with specifications of the different kinds of work to be done and the prices therefor, the estimates for the total cost amounting to twelve hundred and forty-eight dollars and seventy-five cents. To this contract, and as a part of it, appellant attached his written guaranty that Loofbourow would pay for the book according to the contract. On September 15, 1896, respondent and Loofbourow entered into a written modification of the contract of June 16th, the particular changes being a reduction of the number of copies from five to three thousand, and of the estimated cost from twelve hundred and forty-eight dollars and seventy-five cents to one thousand and thirty-five dollars and seventy-five cents. To this appellant also attached his written consent and express guaranty. A large number of persons had subscribed for the book, and in each of these contracts there was the following provision: "The first moneys received on collections of same to be turned over to us (respondent) until the entire bill for printing and binding is liquidated." The whole of the money for the work was payable "in thirty days from the delivery of the first books." It is admitted that the work on the book was properly done. On October 5, 1896, about one hundred and eighty-five copies were delivered to appellant, who held an order for the same from Loofbourow, and had also an assignment from the latter of the subscription list as security for the guaranty. Appellant and Loofbourow delivered these books, or a large part of them, to subscribers, and

collected some money due thereon, but neglected and refused to pay any money collected to respondent as provided in the contract. On November 10, 1896, respondent wrote a letter to appellant calling attention to the fact that he had neglected to pay over the money collected on the subscriptions, as provided in the contract, and saying that respondent would be under the necessity of withholding the further delivery of books if that part of the contract was not complied with. On the next day—November 11th—appellant told respondent that he would not be guarantor any longer, because respondent had broken the contract, to which respondent objected. On the next day—November 12th—the parties came together and another written modification of the contract was made and signed by respondent and Loofbourow. The main features of this modification were that delivery of books by Loofbourow to subscribers was to continue, and that collections of the subscribers should be made by respondent and credited to the account of Loofbourow, collections to be pressed by respondent with diligence. It was also provided that certain cuts and electrotypes used by respondent in doing the work, and belonging to Loofbourow, would be delivered to the latter. Upon this written contract, and after the signatures of the other two parties, and as a part of the transaction, appellant wrote and signed the following: "I consent to the foregoing." The delivery of the books immediately proceeded; the respondent diligently collected all the subscriptions that could be collected. The amount thus collected was three hundred and sixty dollars and fifty cents, which left due respondent six hundred and sixty-four dollars and fifty cents, and for the latter amount judgment was rendered. The cuts and electrotypes were delivered to Loofbourow. All the books were delivered to Loofbourow by November 20, 1896, except some copies which under the contract were to be folded but not bound, and these latter were tendered to Loofbourow December 16, 1896, and the latter refused to receive them. There is no dispute about the amount due on the contract; and we think that upon the facts the judgment is right.

In a part of his brief, counsel for appellant argues the case as though the action was founded on the instrument of Novem-

ber 12th alone, and that, as said instrument does not contain any formal words of guaranty, therefore appellant cannot be held as guarantor. But the action is based on the original guaranty, and the instrument of November 12th is only a modification of the original contract made with the consent of the appellant. Of course, when the original parties to a guaranteed contract change it in a material manner without the consent of the guarantor, the latter is released; but this principle has no application to a case like the one at bar, where the change has been made with the express consent of the guarantor. (See Baylies on Sureties and Guarantors, 290.) It is contended that appellant only consented to allow the respondent to collect the subscriptions, and to waive his rights as the assignee of Loofbourow; but his consent was to the whole of the instrument, which is on its face, as well as according to the evidence introduced without objection, a modification of the original contract, and would be incomplete and meaningless if not considered as referring to such contract. The court correctly found that appellant, as guarantor, consented to the modification. Neither do we think that the liability of appellant as guarantor is at all affected by what occurred between him and respondent during the two days from the 10th to the 12th of November. Waiving the point that appellant himself first violated the contract by refusing to pay to respondent the money collected on the subscriptions, still the mere failure of respondent to deliver books during those two days was not a violation of the contract, for nothing can be found in the contract which makes such failure a violation of it; and the court correctly found that it is not true that "down to and upon the twelfth day of November, 1896," respondent had not performed his part of the contract. If respondent had actually never delivered any more books, and appellant had taken no other action in the premises, then, perhaps, a different question would have been presented; but the temporary difficulty between the parties during the two days was immediately settled by the instrument of November 12th, to which appellant became a party by consenting thereto in writing— his consent being a part of the transaction. As he consented to it, it is not necessary to consider whether the modification

was material or in any way disadvantageous to appellant, although it was evidently a benefit to him, as it imposed on respondent the task of collecting the subscriptions. Upon the facts we see nothing which, as matter of law, relieves appellant's liability as guarantor.

The judgment is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.