[L. A. No. 1424. In Bank.—July 27, 1904.]

## SIDNEY A. SIMMONS, Respondent, v. MRS. H. P. ZIM-MERMAN et al., Appellants.

VENDOR AND PURCHASER—SALE OF OPTION TO PURCHASER—ASSIGNMENT BY PURCHASER—REJECTION OF TITLE BY ASSIGNEE—RECOVERY OF DEPOSIT.—A contract granting an exclusive option to purchase land to the purchaser, and to his heirs and assigns, and agreeing to extend the time therefor in consideration of a total deposit amounting to five hundred dollars, and making the purchaser the exclusive judge of the title, and agreeing to credit said sum upon the purchase price if the property were purchased, and to return the deposit if the title were rejected, is assignable, and the right to pass upon and reject the title in good faith and to recover the deposit passed to the assignee of the purchaser, in the absence of anything to indicate peculiar trust or confidence reposed by the vendor in the purchaser. [McFarland, J., and Henshaw, J., dissenting.]

ID.—ASSIGNMENT OF WHOLE INTEREST—NOTICE—ESTOPPEL OF VENDOR. —The assignment of the interest of the purchaser imports an assignment of his whole interest, including his right to pass upon the title, and where the vendor, after notice of the assignment, delivered his certificate of title to the assignee, the vendor is estopped to deny the assignability of the particular stipulation in reference

to passing upon the title, as well as the other portions of the contract.

ID.—PRESUMPTION AS TO GOOD FAITH—ANSWER.—It will not be presumed that the assignee of the purchaser acted in bad faith in rejecting the title, but it will be presumed that he did so in good faith, because the title was defective and not marketable, where the vendor does not allege and show the contrary.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellants.

Frank James, for Respondent.

VAN DYKE, J.—The appeal is from the judgment in favor of the plaintiff upon the judgment-roll alone.

The action is to recover five hundred dollars deposit paid by the assignor of the plaintiff on an agreement for the sale of land by the defendants.   The amended complaint sets out the agreement in full.   It was entered into the twenty-fifth day of January, 1902, between B. F. Lyttle, of Los Angeles, as the party of the first part, and Mrs. H. P. Zimmerman and H. P. Zimmerman, her husband, of the county of Riverside, the party of the second part.   The party of the second part to the agreement in consideration of fifty dollars paid to said party "does hereby grant and give to said first party, and to his heirs and assigns, for the period of (7) seven days, the sole and exclusive right of purchasing the following lands and premises, represented to be owned in fee simple by said second party, and to be free and clear of all encumbrances, liens, taxes, assessments and defects whatsoever, and situated in said county of Riverside, and more particularly described as follows, to wit:" Then follows a description of the premises. "It is further agreed that upon the payment by the first party of the further sum of four hundred and fifty dollars ($450) this agreement shall be extended (3) three months from February 1st, 1902. . . . Upon the first party giving notice to the second party that he is willing to purchase said lands and premises, the second party shall, within thirty (30) days thereafter, furnish to first party for his examination

CXLIV. Cal.—17

and approval or disapproval, a certificate of title of said lands and premises, made by some reputable abstract company of said county of Riverside, to be selected by said first party, and to be paid for by said second party. The first party shall have twenty days after the delivery of said certificate of title to him as aforesaid, within which to examine and approve or disapprove the title to said property as shown by said certificate, and the first party shall be the exclusive judge as to whether or not the title to said lands and premises is free and clear of and from all defects, liens, encumbrances, taxes and assessments whatsoever, and as to whether or not he is willing to accept the same. In the event said first party does not give notice that he will purchase said lands and premises as aforesaid, then the said sum of ($500) five hundred dollars, the consideration for this agreement, shall be forfeited to said second party, as liquidated damages; but if the said first party shall give such notice and shall accept said certificate of title, then said sum shall be credited on account of the purchase price of said lands and premises, and if the title to said lands and premises shall be rejected by first party, then the said sum shall be returned to the said party of the first part." It is alleged in the complaint that upon the execution of the agreement said Lyttle paid to the defendants the sum of fifty dollars, as in said agreement recited, and thereafter, on the thirtieth day of January, 1902, paid the further sum of four hundred and fifty dollars, and thereupon said agreement became and was extended for the period of three months from and after February 1, 1902. That on the tenth day of April, 1902, the said Lyttle, for a valuable consideration, granted, assigned, and transferred to one William F. West, all his right, title, interest, and estate in and to the said agreement, and on the twenty-fifth day of April, 1902, the said West, who was then and there the owner of the interest and the estate of said B. F. Lyttle, as aforesaid, duly notified the said defendants that he was willing to purchase the lands and premises described in said agreement, and for them to furnish to him for his examination and approval or disapproval a certificate of title to said lands and premises, to be made by the Riverside Abstract Company. Thereafter, on the sixth day of May, 1902, the said defendants furnished to said William F. West the said certificate of title made by said abstract

company, and that on the twelfth day of May, 1902, the said William F. West, for a valuable consideration, granted, assigned, and transferred to the plaintiff all his right, title, interest, and estate in and to the said agreement, and that the plaintiff is the owner and holder of all the said interest and estate. That thereafter, on May 26, 1902, the plaintiff duly notified said defendants that he rejected and disapproved of the title to said lands and premises as shown by said certificate, and that he refused to accept said certificate of title, or said title, and disapproved the same, and thereupon on said day demanded of said defendants, and each of them, that they pay and return to him the said sum of five hundred dollars so deposited, as aforesaid, but that the said defendants then and there refused and still refuse to pay the said sum, or any part thereof, and that the same is due and owing from said defendants to this plaintiff, together with interest thereon from the twentieth day of May, 1902.

Defendants demurred to the amended complaint upon the ground that it does not state facts sufficient to constitute a cause of action. This demurrer being overruled, they answered the same. The findings of the court are substantially as the facts are alleged in the amended complaint. It is further found that defendants, upon the completion of the certificate of title requested by West, "knowing that said West had succeeded by assignment to the interest and estate of said Lyttle, in the said agreement as aforesaid, forwarded the said certificate of title by mail to said West, addressed to him at the said city of Los Angeles, state of California," but that the said West did not receive the same until the sixth day of May, 1902, and that within twenty days after the receipt and delivery of said certificate, as aforesaid, the plaintiff rejected the title to said lands and premises and disapproved of the same, and personally notified the defendants thereof.

The main contention on the part of the appellants is, that the rejection of the title and the demand for the return of the five hundred dollars could be made by one person only—to wit, B. F. Lyttle. Counsel in his brief says: "By the specific terms of the contract Lyttle was made the 'exclusive judge' as to whether or not the title was clear, and as to whether or not he was willing to accept the same, and this exclusive right was not. and in the nature of things could not be, assignable with-

out the consent of the appellants." This view was adopted by
the Department in its opinion, and upon that ground the
judgment of the court below reversed. A rehearing, however,
was granted for the reason that this view of the nature of the
contract in question by the Department was deemed to be
erroneous.

The contract in question by its terms was made assignable,
but without this provision it is an obligation of such a charac-
ter that it may be transferred by the owner, or upon his death
would pass to his representatives. (Civ. Code, sec. 954.) "A
right arising out of an obligation is the property of the person
to whom it is due, and it may be transferred as such." (Civ.
Code, sec. 1458.) The agreement, it will be seen, runs to the
first party, his heirs and assigns, but it is contended by the
appellant that the portion conferring the right to pass upon
the title is personal in its nature and is limited to Mr. Lyttle
himself. There is nothing in the nature of the contract to
justify this assumption. Suppose Mr. Lyttle had died. It
would hardly be contended that the contract and every portion
of it, with all the benefits conferred therein, would not have
succeeded to and been vested in his legal representative. There
is nothing in the nature of the transaction or in the terms of
the contract to justify the assumption that any peculiar trust
or confidence was reposed in Mr. Lyttle alone, or that his
successor in interest would not be as capable of passing on
the title and governed by like fairness and good faith in the
matter as he would. In *La Rue* v. *Groezinger*, 84 Cal. 281,[1]
it is said: "And while it is to be conceded that men have
perfect liberty to contract with whom they choose, and to
exclude the idea of performance by another, yet in the absence
of anything indicating such an intention we do not think that
the court should indulge in speculation as to possible preju-
dice or fancied preference. It should not be assumed that
the parties were influenced by unusual or conjectural motives
merely because some men might be so affected under similar
circumstances." And again, if the language [of the con-
tract] does not exclude the idea of performance by another,
and the nature of the thing contracted for or the circumstances
of the case do not show that the skill, credit, or other personal
quality or circumstance of the party was a distinctive charac-

---

[1] 18 Am. St. Rep. 179.

teristic of the thing stipulated for, or a material inducement
to the contract, then the contract is assignable.'' In *Rued* v.
*Cooper,* 109 Cal. 682, it is said: ''Assignability of things in
action is now the rule; non-assignability, the exception; and
this exception is confined to wrongs done to the person, the
reputation, or the feelings of the injured party, and to con-
tracts of a purely personal nature, like promises of marriage.''
The complaint alleges that the court finds that the agreement
to purchase was for a valuable consideration assigned by
Lyttle. This means not assigned in part only, but as a whole,
and it is an important portion of the agreement that the pur-
chaser had the right to pass upon the title. If by the agree-
ment, as contemplated, the purchaser had the right, for value,
to assign the contract, as he clearly had in this case, it would
be a strange condition of things that his assignee, after paying
full value, should still be at the mercy of the assignor in
reference to this portion of the contract—to wit, the title of
the premises in question. But the defendants themselves evi-
dently did not understand the contract to mean what is con-
tended for by their counsel on the appeal. They understood
that the assignment by Lyttle to West, of which they had
notice, carried with it all the right, title, and interest of every
nature formerly held by Lyttle, and it is said in the finding of
the court that ''said defendants, knowing that said West had
succeeded by assignment to the interest and estate of said
Lyttle, in the said agreement, as aforesaid, forwarded the said
certificate of title by mail to said West, addressed to him at
the said city of Los Angeles.'' Said West, about the time of
its reception, had assigned the said contract with all the right
and title pertaining thereto to the plaintiff. The defendants
are therefore estopped to deny the assignability of the par-
ticular stipulation in reference to passing upon the title, as
well as the other portions of the contract in question. (*Han-
nah* v. *Wahlberg,* 128 Cal. 407.)

It is quite true, as claimed by appellant, that the right
conferred upon the purchaser to pass upon the title does not
imply that he thereby possessed the arbitrary right to un-
reasonably and in bad faith reject the title, but it will not
be presumed that the plaintiff in this case acted in bad faith
in rejecting the title, but that he did so because it was de-
fective and not marketable. The answer of defendants does

not allege that the title was perfect, or good or marketable; nor is it anywhere intimated that the plaintiff, in rejecting the same, was not justified in doing so, or that he acted in bad faith; and it is alleged and the court finds that within twenty days after the receipt and delivery of the said certificate of title the plaintiff rejected the title to said lands and premises and disapproved of the same, and on said day personally notified defendants thereof. This was in strict compliance with the terms of the contract, and it results that the plaintiff was thereupon, as the successor of Lyttle, entitled to recover the sum deposited.

Judgment affirmed.

Shaw, J., Angellotti, J., Lorigan, J., and Beatty, C. J., concurred.

We dissent, and adhere to the opinion heretofore delivered in Department. McFarland, J., Henshaw, J.

The following is the opinion delivered and approved in Department Two on the twelfth day of February, 1904:—

COOPER, C.—Action to recover five hundred dollars deposit made by plaintiff's assignor on agreement for sale of land by defendants. Plaintiff recovered judgment, from which defendants appeal on the judgment-roll.

The facts are found as alleged in the amended complaint. The court overruled defendants' demurrer to the said complaint, and as the findings are no broader than the allegations of said complaint, the ruling upon the demurrer becomes the material question on this appeal. The said complaint states in substance: That on the twenty-fifth day of January, 1902, one Lyttle and defendants entered into a written contract for the sale by defendants to said Lyttle of the lot described in said contract for the sum of six thousand five hundred dollars, of which sum the five hundred dollars in controversy was paid to defendants, as a deposit, the time of Lyttle's option to purchase under the contract being three months from February 1, 1902; that upon Lyttle giving notice to defendants that he was willing to purchase, the defendants should furnish for his examination a certificate of title of said lands made by some reputable abstract company. Lyttle assigned his interest

in the contract to one West, and West gave notice that he
was willing to purchase said lands according to the terms of
the contract. Thereupon defendants had made and delivered
to West the proper certificates of abstract of title.

The contract provided: "The first party shall have twenty
days after the delivery of said certificate of title to him as
aforesaid, within which to examine and approve or disapprove
the title to said property as shown by said certificate, and the
first party shall be the exclusive judge as to whether or not
the title to said lands and premises is free and clear of and
from all defects, liens, encumbrances, taxes, and assessments
whatsoever, and as to whether or not he is willing to accept
the same. In the event said first party does not give notice
that he will purchase said lands and premises as aforesaid,
then the said sum of ($500) five hundred dollars, the con-
sideration for this agreement, shall be forfeited to said second
party as liquidated damages; but if the said first party shall
give such notice and shall accept said certificate of title, then
said sum shall be credited on account of the purchase price
of said land and premises, and if the title to said land and
premises shall be rejected by first party, then the said sum
shall be returned to said party of the first part."

It is alleged and found that Lyttle made the assignment to
West on the tenth day of April, 1902, for a valuable con-
sideration; that West assigned to plaintiff on the twelfth day
of May, 1902, and that plaintiff is the owner of the said con-
tract and all rights thereunder by reason of said assignment;
that on the first day of May, 1902, the defendants furnished
to West the certificate of title made by the abstract company,
and thereafter "on the twentieth day of May, 1902, this plain-
tiff duly notified said defendants that he rejected and dis-
approved of the title to said land and premises as shown by
said certificate, and that he refused to accept said certificate
of title or said title and disapproved of the same" and de-
manded a return of the said five hundred dollars.

There is no allegation that the title was in any manner
defective, nor that there were any liens or encumbrances of
any kind existing upon the premises. The plaintiff places
himself and his rights squarely upon the proposition that the
contract made the party of the first part, Lyttle, the exclusive
judge as to whether or not the title was defective, and as to

whether or not "he was willing to accept the same." It is "so nominated in the bond" that Lyttle, the party of the first part, is to be such exclusive judge. The courts generally hold that parties have the right to make any contract which is not unlawful nor against public policy. They have the right to provide for an arbitrator, whose decision, in the absence of fraud, shall be final. They have the right, in making a contract for the sale of lands, to make an attorney or any one else the exclusive and final judge as to whether or not the title is defective. In such case the courts are inclined to leave the parties to abide by the contract as they have made it, and not to make a different one for them. (*Church* v. *Shanklin,* 95 Cal. 626; *Allen* v. *Pockwitz,* 103 Cal. 85;[1] *Flanagan* v. *Fox,* 3 Misc. Rep. 365, 23 N. Y. Supp. 344; *Averett* v. *Lipscombe,* 76 Va. 404; *Hudson* v. *Buck,* 7 Ch. Div. 683, 23 Eng. Reps. (Moak's Notes) 808, cases cited in notes to *Church* v. *Shanklin,* 17 L. R. A. 207.) But in this case the five hundred dollars were to be returned only when the title had been rejected by Lyttle. He was the party specially selected to pass upon the title and to be the exclusive judge as to whether or not he was willing to accept the same. As plaintiff has invoked the aid of the contract, he must be held to it himself. He does not allege that Lyttle ever examined the certificate of title or rejected it. The conditions upon which the five hundred dollars was to be returned have never occurred.

Plaintiff alleges that *he* refused to accept and rejected the title. But he had no authority under the contract to pass upon the title nor to reject it. Defendants never agreed that he should do so. They may have been perfectly willing that Lyttle should pass upon the title. They may have had special confidence in his legal ability, his honesty and moral character, and in such degree that they felt assured that he would do nothing except what was right, and that he would not reject the title unless there was a valid reason for so doing. They might have had no such confidence in any other person. Lyttle may have concluded that the title was all right, but that he had made a bad bargain and would forfeit the five hundred dollars. Plaintiff may have purchased the contract on speculation. He avers in his complaint that the right to the moneys deposited, and to demand, sue for, and receive the

---

[1] 42 Am. St. Rep. 99.

same, was assigned to him before commencing the action. If he means by this that he procured the assignment for the purpose of bringing the suit upon a doubtful claim, in such case the court would not aid him. (*Sanborn* v. *Doe,* 92 Cal. 153.[1]) The agreement to purchase the land of defendants could be assigned. Such assignment of the contract with all the rights thereunder would have carried the right to recover the five hundred dollars in case the title should in fact prove to be defective. It did not carry the right of making plaintiff the exclusive judge of the title instead of Lyttle. Defendants never agreed that Lyttle or his assignee should be the exclusive judge of the title. The assignment of the contract did not carry with it, as an incident, a contract that was never made. Defendants never consented to make plaintiff a judge of the title. The essence of the stipulation in the original contract that Lyttle should be the exclusive judge of the title was the personal confidence placed in him and that he should personally pass upon the title. Where a contract provides for services of a personal nature, involving the peculiar fitness or ability of the party to perform the services, such contract as to such services cannot be assigned to one party without the consent of the other. The contract in such case is made by reason of the trust and confidence placed in the person selected. Personal performance is of the essence of the contract, and such contract cannot be assigned by one party so as to bind the other to a different contract from that which he made. (*British Wagon Co.* v. *Lee & Co.,* 5 Q. B. Div. 149; *Sloan* v. *Williams,* 138 Ill. 46; *Devlin* v. *Mayor et al.,* 63 N. Y. 17; Burrill on Assignments, 6th ed., note 5, p. 105; *La Rue* v. *Groezinger,* 84 Cal. 285.[2]) In the latter case this court said: "Although the language may not show an intention that the contract should not be assigned, yet the nature of the case may be such that performance by another would be *an essentially different thing* from that contracted for."

We advise that the judgment be reversed, with directions to the lower court to sustain the defendants' demurrer to the amended complaint, and to allow the plaintiff a reasonable time to amend.

Chipman, C., and Gray, C., concurred.

[1] 27 Am. St. Rep. 101.    [2] 18 Am. St. Rep. 179.