[Civ. No. 910. First Appellate District.—February 21, 1912.]

ANITA B. REIOS and JAS. P. SWEENEY, Appellants, v. J. D. MARDIS and ENTERPRISE BREWING COMPANY, a Corporation, Respondents.

GUARANTY OF RENT RESERVED IN LEASE—ASSIGNMENT BY LESSOR— ACTION BY ASSIGNEE.—An assignee of a lease from the lessor and of a written contract of guaranty to secure the payment of the rent reserved, which was executed contemporaneously with the lease and was made part thereof, which guaranty was neither expressly nor impliedly limited to the lessor personally, may sue both the lessee and the guarantor in his own name as assignee to collect the rent and to enforce the same against the guarantor.

Id.—Modification of Common-law Rule Forbidding Suit by Assignee of Chose in Action.—The common-law rule that a chose in action cannot be transferred by assignment, so as to enable the assignee to sue thereon in his own name, has been materially modified, if not entirely superseded, by the code provisions of this state, which authorize a non-negotiable chose in action to be transferred with all the rights of the assignor, subject to equities and defenses against the assignor, and require every action to be prosecuted in the name of the real party in interest.

Id.—Effect of Code Provisions—Action by Assignee of Contract of Guaranty.—The immediate effect of the code provisions of this state is to permit the assignee of a contract of guaranty of rent, which is but a chose in action, to sue thereon in his own name, and where there is no personal limitation of the guaranty, it may, like any other promise made to the lessor, be assigned and sued upon by the assignee.

Id.—Assignment of Lease With Consent of Guarantor—Personal Limitation. Immaterial.—Where it appears that the assignment of the lease and of the contract of guaranty was made with the consent of the guarantor, the contention that the assignment of the lease was personal to the lessor must fail in the presence of that fact.

Id.—Guaranty Part of Lease Assigned as Single Contract—Assignment of Lease Carrying Guaranty—Remedies of Assignor. Where it further appears that the guaranty was so executed as to become part of the lease itself, the lease and guaranty must be construed to be a single contract, upon which the liability of the guarantor, to the extent of his obligation, was commensurate with that of the lessee; and the assignment of the lease by the lessor carried with it the same remedies for the recovery of rent and for nonperformance of the lease as the assignor might have had in the first instance.

Id.—Pleading—Complaint by Assignee of Lease and Guaranty—Averment of Assignment—Presumption of Writing—Rulings upon Demurrer.—Conceding that a general order sustaining a demurrer will be upheld, if tenable on any ground assigned, and that leave to amend may be granted or withheld in the discretion of the court, yet where it appears that a special demurrer to the complaint by the assignee of the lease and guaranty is untenable, a general demurrer thereto cannot be sustained if the complaint states a cause of action, even though some of the facts relied on to support it are defectively pleaded. When, therefore, such complaint is otherwise sufficient, and states the assignment of the lease and guaranty as a fact, it will be presumed in support of its sufficiency that the assignment was in writing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Jas. P. Sweeney, and Jos. P. Lucey, for Appellants.

L. S. Melsted, for Enterprise Brewing Company, Respondent.

LENNON, P. J.—In this action plaintiffs sought to recover the sum of $3,000, alleged to be due and unpaid as rental from the defendant, J. D. Mardis, for the use and occupation of certain premises in the city and county of San Francisco, pursuant to the terms of a written lease entered into between plaintiffs' assignor and the defendant Mardis. The Enterprise Brewing Company, a corporation, was joined as a party defendant, and judgment prayed for against it in the sum of $1,500, because of its alleged liability under a written guaranty for the payment of the rent reserved in the lease.

In substance it appears from the plaintiffs' complaint that the defendant Mardis, after entering upon the use and occupation of the leased premises, failed to pay the stipulated rent for several months preceding the commencement of the action. The guaranty was executed contemporaneously with the lease and was made a part thereof. The execution of the lease was the expressed consideration for the guaranty. By its obligation the guarantor promised and agreed that the lessee would pay all the rent due or to become due under the lease, and perform every other condition thereof, and if the lessee defaulted in any of the conditions of the lease, the guarantor would hold the lessor harmless to the extent of $1,500. Prior to the default of Mardis, the lessor, for a valuable consideration, and with the consent of the guarantor, assigned the lease and guaranty to plaintiffs.

A general and special demurrer to the complaint interposed on behalf of the corporation defendant was sustained by the court below without leave to amend. Judgment was thereupon rendered and entered for said defendant, from which the plaintiffs appeal.

It seems to be conceded that the demurrer was sustained and the privilege of amending denied to the plaintiffs solely upon the ground that the guaranty sued upon was not assignable, and could not as a matter of law be made the basis of a cause of action against the guarantor. At any rate, the question of the assignability of the guaranty is the only point raised in the briefs in support of the demurrer; and inasmuch as the complaint in all of its essential features appears on its face to be fairly free from the fault of ambiguity and uncertainty, the special grounds of demurrer, in so far as they relate to the certainty and clearness of the allegations of the complaint, need not be considered.

In support of the lower court's ruling sustaining the demurrer, it is contended that a contract of guaranty cannot be enforced except by the party to whom it was given; that the guaranty in the present case was addressed to the lessor named in the lease without a provision permitting its assignment, and therefore was personal to him, and could not be assigned so as to give the assignees a right of action thereon.

This contention is based upon the common-law rule which prohibited an assignee from suing in his own name upon a chose in action, or any promise or other liability other than negotiable paper, originally running to his assignors. (2 Blackstone, 467, 468; 2 Chitty on Contracts, p. 1357; Daniel on Negotiable Instruments, sec. 1.)

The common-law rule that a chose in action was not negotiable in the sense that it was transferable so as to enable the assignee to maintain an action thereon has been materially modified, if not entirely superseded, by statute in this state. Save, therefore, as a matter of history, the numerous cases cited by respondents from other jurisdictions, where, in the absence of statutory regulation, the rule of the common law prevails, have little, if any, bearing upon the question presented here; and in so far as they are in conflict with the statutory rule in force in this state, must be disregarded.

The right to recover money by a judicial proceeding is defined to be a thing in action, which, if it arises out of an obligation, may be transferred by the owner without prejudice to any setoffs or other defense existing at the time of or before notice of assignment; and a written contract for the payment of money, even though it be non-negotiable in form, may be

transferred with all the rights of the assignor in like manner with negotiable instruments, subject, however, to all the equities and defenses existing in favor of the maker of the contract at the time of the transfer. (Civ. Code, secs. 953, 954, 1458, 1459; Code Civ. Proc., sec. 368.)

In this state "Every action must be prosecuted in the name of the real party in interest" (Code Civ. Proc., sec. 367) ; and whatever the common-law rule, or the reason for its origin, may have been, it is certain that the immediate effect of the several code sections just cited is to permit the assignee of a contract of guaranty—which is but a chose in action—to sue thereon in his own name. (*La Rue* v. *Groezinger,* 84 Cal. 281, [18 Am. St. Rep. 179, 24 Pac. 42] ; *Rued* v. *Cooper,* 109 Cal. 682, [34 Pac. 98] ; *Simmons* v. *Zimmerman,* 144 Cal. 256, [1 Ann. Cas. 850, 79 Pac. 451] ; *Weir* v. *Anthony,* 35 Neb. 396, [53 N. W. 206] ; *Small* v. *Sloan,* 1 Bosw. (N. Y.) 352; *Wood* v. *Farmer,* 200 Mass. 209, [86 N. E. 297] ; *First Nat. Bank* v. *Carpenter,* 41 Iowa, 518; see *Cunningham* v. *Norton* (Cal.), 40 Pac. 491.)

If the contract of guaranty in the case at bar had been specifically limited to the lessor named in the lease, there would have been much force in the contention that the obligation of the guarantor was purely personal, and that its assignment, before default of the lessee, operated as a discharge of the obligation. Here, however, there was no limitation of the guaranty, either expressly or impliedly, to the lessor personally, and like any other promise made to him, it could be assigned and sued on by the assignee. (20 Cyc. 1431, 1483; *Stillman* v. *Northrup,* 109 N. Y. 473, [17 N. E. 379].)

Moreover, respondent's contention in this particular must fail in the presence of the fact, alleged in the complaint, that the assignment of the lease and guaranty was made with the consent of the guarantor (Civ. Code, sec. 2819; *Pac. Press Pub. Co.* v. *Loofbourow,* 129 Cal. 25, [61 Pac. 944]). Aside from these considerations, the language of the guaranty, which is set out in full in the complaint, indicates that it was executed and indorsed upon the back of the lease contemporaneously with the execution of the lease, and thereby became a part of the lease itself. (Jones on Landlord and Tenant, sec. 662; *Otto* v. *Jackson,* 35 Ill. 349; *Evoy* v. *Tewksbury,* 5 Cal. 285; *Hazeltine* v. *Larco,* 7 Cal. 32; *Otis* v. *Haseltine,* 27 Cal. 80.)

This being so, the lease and the guaranty must be construed to be but one instrument, constituting a single contract, upon which the liability of the guarantor, to the extent of its obligation, was commensurate with that of the lessee (*Bagley* v. *Cohen,* 121 Cal. 604, [53 Pac. 1117]), and the assignment carried with it the same remedies for the recovery of the rent reserved, or for the nonperformance of the terms of the lease, as the assignor might have had in the first instance. (Civ. Code, sec. 821.)

Upon the oral argument of the case it was suggested by counsel for the respondent that the complaint did not state facts sufficient to constitute a cause of action, in this, that the assignment of the lease and guaranty was not alleged to be in writing. It was insisted that the demurrer to the present and to each of three preceding complaints covered this particular point, and that if this be so and the point be well taken, the trial court did not abuse its discretion in refusing plaintiffs permission to amend, and consequently the judgment should stand, regardless of any other theory which, perchance, may have been the real reason for the trial court's ruling upon the demurrer.

It may be conceded that if a general order sustaining a demurrer be well founded upon any of the grounds stated in the demurrer, the order will be upheld, notwithstanding the lower court's erroneous reliance upon another and different ground to support its ruling. (*People* v. *Central Pac. R. R. Co.,* 76 Cal. 29, [18 Pac. 90]; *Wakeham* v. *Barker,* 82 Cal. 46, [22 Pac. 1131]; *Sechrist* v. *Rialto Irr. Dist.,* 129 Cal. 640, [62 Pac. 261].) It may also be conceded that leave to amend is a privilege which, in the exercise of a sound discretion, may be granted or withheld by the trial court, and that several repeated failures to properly amend a complaint in an essential particular, which is capable of amendment, would be ample justification of the trial court's refusal of further permission to amend. (*Billesbach* v. *Larkey,* 161 Cal. 649, 120 Pac. 31.)

In the case at bar, however, the demurrer, in so far as it related to the sufficiency of the facts stated to constitute a cause of action, was general in its nature. It did not purport to single out and assail the sufficiency of the allegations of the complaint relating to the assignment of the lease and guaranty,

and, therefore, if the complaint as a whole stated a cause of action, the demurrer, being general, could not have been rightfully sustained, even though some of the facts relied upon to constitute a cause of action may have been defectively and imperfectly pleaded. (*Hulsman* v. *Todd*, 96 Cal. 228, [31 Pac. 39]; *Lawrence Nat. Bank* v. *Kowalsky*, 105 Cal. 41, [38 Pac. 517].)

By the provisions of section 1971 of the Code of Civil Procedure no interest in real property, other than a lease for a term not exceeding one year, can be created or assigned otherwise than by operation of law or by an instrument in writing subscribed by the party creating or assigning the same. While the language of this section controls the creation and transfer of a lease, and forbids the transfer by parol of such an interest in real property, nevertheless, in counting upon such an assignment if the pleading avers that it was in fact made, the law will presume, in support of the sufficiency of the pleading, that such assignment was in writing. (3 Sutherland's Code Pleading, sec. 5257; *Patent Brick Co.* v. *Moore*, 75 Cal. 205, [16 Pac. 890]; *Van Doren* v. *Tjader*, 1 Nev. 322, [90 Am. Dec. 498].)

The judgment appealed from is reversed, and the lower court directed to overrule the demurrer, with leave to the defendant to answer within such time as the court may designate.

Hall, J., and Kerrigan, J., concurred.