## CIRCUIT COURT OF FAIRFAX COUNTY

Combined Properties
Limited Partnership

v.

Fred Knight
Enterprises, Inc., et al.

November 18, 1988

Case No. (Law) 79980

By JUDGE RICHARD J. JAMBORSKY

On August 8, 1988, the plaintiff (Combined Properties Limited Partnership) presented testimony to this Court in support of its claim against the defendant, Fred D. Knight, Sr., for breach of guaranty. A motion for summary judgment was made by the plaintiffs at the close of the defendant's evidence. This Court awarded summary judgment on the issue of the breach but granted leave for the parties to brief a disputed issue concerning damages. This matter is presently before the Court for a decision on the specific amount of damages recoverable by the plaintiff.

Plaintiff (Combined Properties) is of the opinion that a certain portion of the guaranty operates as a liquidated damages clause thereby entitling the plaintiff to a judgment in the amount of $1,024,484.99.[1]

---

[1] "[T]he Guarantor's liability for all payments under this Lease Agreement shall be limited to the first ten (10) years of the Lease term a dollar amount not in excess of two years' total payments as called for under the said Lease agreement at the time of the default."

The defendant (Knight) contends, however, that language does not constitute a stipulated damages clause as discussed in *Taylor v. Sanders*, 233 Va. 73, 353 S.E.2d 745 (1987), and that the plaintiff is only entitled to the unpaid back rent and actual damages in the amount of $34,420.01. The defendant does not believe the plaintiff is entitled to recover the balance of the rent due under the twenty year leasehold.

It is this Court's opinion that the clause upon which the plaintiff (Combined Properties) relies does not constitute a liquidated damage clause. A reasonable construction of the terms and language of the guaranty and lease agreement, however, does allow the plaintiff (Combined Properties) to recover the $1,024,489.99.

There is no dispute that the defendant (Knight) executed a Guaranty of Performance on November 8, 1985, in order to induce the plaintiff (Combined Properties) to enter into a twenty year lease agreement with Fred Knight Enterprises, Inc. The guaranty contract is clearly a separate and collateral agreement from the underlying lease agreement. *American Industrial Corporation v. First and Merchants National Bank*, 216 Va. 396, 219 S.E.2d 673 (1975). Hence the guaranty agreement may provide for more, less, or different responsibilities and obligations than the underlying lease agreement.

As a preliminary matter, this Court finds that the language of the guaranty agreement upon which the plaintiff relies as a liquidated damages clause serves only as a limitation on the amount of the damages for which the guarantor may be liable.[2] The clause in no way created a standard or formula for liability in the amount of money provided for in that clause (*i.e.*, $1,024,489.99).

The plain and unambiguous language of the clause clearly supports this Court's conclusion by stating "[n]otwithstanding the foregoing, the Guarantor's liability for all payments under this Lease Agreement *shall be limited* to the first ten (10) years of the Lease term, plus during the remaining ten years of the Lease term, a dollar amount not in excess of two years' total payments . . . ." It should be noted that this language does not state that

---

[2] See supra, note 1.

upon the tenant's default that "the guarantor shall be liable for the first 10 years of the lease term plus during the remaining years an amount not in excess of two years' total payments . . . ."

It is therefore necessary to determine, outside of this particular clause discussed above, the monetary obligations of the defendant to the plaintiff (Combined Properties).

Contrary to the contentions of the plaintiff (Combined Properties), the Court finds that the guaranty is inextricably related to the language of the lease agreement.[3] Hence the lease agreement and its applicable provisions do have a substantial effect on the obligations of the guarantor.

Offered as support for this Court's conclusions is *Davenport v. Stratton*, 132 P.2d 588 (Dist. Ct. App., 2d Dist. 1942). In *Davenport*, a case factually comparable to the case at bar, the court stated that where a guaranty agreement is executed in consideration of a lease agreement, "the lease and the guaranty must be construed to be but one instrument, amounting to a simple contract upon which the liability of the guarantors, to the extent of their obligation, was co-extensive. with that of the lessee. *Id.* at 593 citing *Reios Mardis*, 18 Cal. App. 276, 211, 122 P. 1091 (1912); *see also Bourne v. Board of Supervisors*, 161 Va. 678, 172 S.E. 245 (1934). The court stated further that where "the lease and the guaranty each constituted an inducement for the other, the two instruments are not to be treated as though they were two separate instruments, but under such circumstances, for the purpose of interpretation, the instruments are to be considered as one." *Id.* at 593.

In light of the *Davenport* and *Bourne* cases, this Court finds that the guarantor may not be liable for that which the principal is not. It is now necessary to determine

---

[3] "In order to induce Combined Properties Limited Partnership . . . to enter into a certain Lease Agreement being executed simultaneously herewith . . . the undersigned . . . Knight . . . guarantees the performance of the Tenant of all payments . . . binding on the Tenants in said Lease agreement . . . any right or action which shall accrue to the Landlord under the within Lease Agreement, the Landlord may . . . proceed against the undersigned . . . ."

under the terms of the lease agreement the specific obligations of the tenant Fred Knight Enterprises, Inc., to the landlord/plaintiff (Combined Properties).

Under Article 5.1 (Remedies Upon Default) of the lease agreement, if the tenant fails to fulfill his obligations under the contract, the landlord may (i) give the tenant written notice that the landlord is terminating the lease or (ii) without demand reenter and take possession of the leased premises. Furthermore, if the landlord does terminate the lease pursuant to Article 5.1, the tenant shall remain liable for the sum of rent and all other sums provided for in the lease until the date the lease would have expired without a breach in addition to all expenses incurred due to breach. In the same section, the lease contains an additional statement which to some extent modifies the statement that the tenant is liable for the rent for the entire lease period. That statement discloses that "[a]t the landlord's option, payment of rent for the balance of the term shall all become due and payable on demand; provided, however, if landlord obtains a judgment for the acceleration of rent, tenant shall only be obligated to pay the amount of rent at the times stipulated for payment."

The general rules of contractual construction must be applied to these particular sections of the lease agreement. *Winn v. Aleda Construction Co.*, 227 Va. 304, 315 S.E.2d 193 (1984), states that "when a contract is clear and unambiguous, it is the duty of the court, and not the jury, to decide its meaning." *Id.* at 307. Furthermore, "words used by the parties are normally given their usual, ordinary, and popular meaning," and any ambiguities are to be construed against the party who drafted the instrument. *Id. See also Worrie v. Boze*, 191 Va. 916, 62 S.E.2d 876 (1951); *Graham v. Commonwealth*, 206 Va. 431, 143 SE.2d 831 (1965). In applying these principles to the case at issue, this Court is of the opinion that there is no ambiguity concerning the tenant's liability upon default. The lease is clear and the words given their usual and ordinary meaning indicate that upon default, the tenant is liable for the rent accelerated for the remainder of the lease term, however, if the landlord obtains a court ordered judgment, the tenant need not pay a lump sum of the accelerated rent but is obligated

to pay the rents as they come due under the leasehold. The tenant still remains liable for the remaining rent under the twenty year lease.

The defendant has cited *tenBraak v. Waffle Shops, Inc.*, 542 F.2d 919 (4th Cir. 1976), as support for his claim that the landlord is not entitled to further rent as damages as a matter of law. *tenBraak* provides, however, that the parties (landlord/tenant) may provide for a forfeiture or acceleration clause in their agreement whereby the tenant would be liable for future rents. Because the lease agreement at issue specifically provides for the recovery of future rents, such recovery is permissible under *tenBraak*.

Alternatively, there is some argument by the defendant that the language of Article 5.1 of the lease agreement requires that the landlord must give written notice to the tenant that he has terminated the lease in order for the tenant to be liable under the acceleration clause. *Lerner v. The Gudelsky Co.*, 230 Va. 124, 334 S.E.2d 579 (1985), clearly requires contractual conditions precedent to be met in order for liability to attach. The Court finds that the landlord has met the "condition precedent" of written notice in this particular case. The defendant (Knight) was sent a letter which stated that the letter "[was serving] as formal notice to the tenant pursuant to Article 5 of the lease that tenant was in default of the lease" for failure to pay $26,420.00. The letter further stated that the "landlord was exercising his option to call the amount promised . . . due and fully payable immediately." It is tenuous to argue that the lease had not been terminated at that point. Article 5.2 clearly states "[i]f landlord terminates this lease pursuant to this Article, Tenant shall remain liable for . . . (i) the sum of (a) rent and all other sums provided for in the lease until the date this lease would have expired had such termination not occurred . . . ." The landlord in his letter said the tenant is in default and liable for the entire rent under the lease period. Such language by inference indicates the lease was terminated. Merely because the landlord does not use the specific words such as "I hereby terminate the lease" does not mean that the condition precedent has not been met to trigger the accelerated rent clause.

The Court hereby finds that by default on his allegations under the lease agreement, the tenant, Fred Knight Enterprises, Inc., triggered the acceleration provisions of the lease. The guarantor being primarily liable for his principal hence became liable for the accelerated rent limited to some extent by the clause in the guaranty which states: "[n]otwithstanding the foregoing, the Guarantor's liability for all payments under this Lease Agreement shall be limited to the first ten (10) years of the Lease term, plus during the remaining ten years of the least term, a dollar amount not in excess of two years' total payment as called for under said Lease Agreement . . . ."

The amount due and owing under this formula is $1,024,484.99.